# CHARLESTON

## FERRELL v. SIMMONS.

Submitted March 13, 1907.    Decided November 26, 1907.

JUDGMENT—*Validity—Uncertainty.*

    A judgment that does not show for and against whom it is is void for uncertainty. A judgment must show in what case it was rendered, else it is void. (p. 46.)

Appeal from Circuit Court, Roane County.

Bill by A. D. Ferrell against G. B. Simmons and others. Decree for plaintiff, and defendants appeal.

*Reversed.*

WM. A. PARSONS, WM. O. PARSONS, and WALTER PENDLETON, for appellants.

SCHILLING & HARPER and R. G. LINN, for appellee.

BRANNON, JUDGE:

A. D. Ferrell filed a bill against G. B. Simmons and others stating that the firm of Tyree & Helwig had recovered judgment before a justice in Roane county against said Simmons; that Simmons gave a stay bond, in which Ferrell was surety, and that execution issued on the bond and Ferrell had paid it; and the bill, claiming that Ferrell was entitled to be subrogated to the lien of the judgment, sought to sell certain realty of G. B. Simmons. The bill alleged that G. B. Simmons had transferred his real estate and a large amount of personalty to his brother T. R. Simmons; but while it avers that before such transfer T. R. Simmons had notice of the judgment, it does not aver any notice on his part of his brother's fraudulent intent. A copy of the judgment was exhibited with the bill. The bill averred that T. R. Simmons had later reconveyed to G. B. Simmons some of the real estate; likely we may say all that had been conveyed to him. A decree subjected real estate of G. B. Simmons to renting, and G. B. Simmons and T. R. Simmons unite in an appeal.

The bill seeks subrogation to the lien of a judgment. There is no judgment. The only exhibit to prove the judg-

ment is so uncertain and incomplete that we cannot make a judgment out of it. It contains no captions to show the parties. There is on the margin the words "Tyree & Helwig vs. G. B. Simmons" and under it a taxation of plaintiff's costs. That is not a caption to the judgment giving parties. We may *guess* it is an action between the parties, but it is guess or surmise. But worse yet, waive that, as we might, if there were no other objections. The judgment does not show for or against whom it is. It says: "I therefore render judgment on the note filed in this action for the sum of $127.96 and costs of this action." The record does not show in whose favor the summons was. Except for forced inference we cannot say for or against whom the judgment is. "A judgment not designating in whose favor it is rendered is void for uncertainty." The judgment must designate with certainty the party against whom it is rendered." 11 Ency. Pl. & Prac. 949, 951. "Judgment without parties, however perfect in form, is not attended with any of the consequences of a judgment, and is void." *Wilcoxson* v. *Burton*, 87 Am. Dec. 66. In this vital feature we can neither *guess* a judgment nor *guess* its parties. Courts have gone far in relieving justices' proceedings from formality; but they have gone far enough. They cannot dispense with substance, and by amending supply a *substance* not present. There should be some show of compliance with law even in justices' courts. Reference to the note and summons cannot be made, as they were not before the circuit court as parts of the record. The transcript of the justice appearing in the record shows no note, though the judgment paper says that a note was filed. We cannot base an estoppel to deny the judgment on the stay bond, first, because it is not in the record, and next, we do not know its recitals, unless we presume that it recited the judgment, as likely we could do; but the judgment being void, so would the stay bond be void. We do not think that a stay bond can alone create from the first a judgment. *White* v. *Lumber Co.*, 29 W. Va. 385; *Boslow* v. *Shenbarger*, 66 Am. St. R. 487; 44 Am. Dec. 525. If a judgment is void, would not a forthcoming bond on it also be void? Upon demurrer and on hearing the bill should have been held bad as to subrogation. It could not be

supported as against G. B. Simmons on the simple contract arising from payment by the surety. I thought at first that it might be a bill to set aside a fraudulent transfer of realty and personalty, and have a decree against T. R. Simmons for the personalty; but this view cannot be sustained, as there is no charge in the bill of notice on the part of T. R. Simmons of fraud.

Decree reversed, demurrer sustained and bill dismissed.

*Reversed.*