Discovering no prejudicial error in the record, the judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.

---

[Civ. No. 865. Third Appellate District.—May 2, 1911.]

JOHN JUNE, Petitioner, v. SUPERIOR COURT OF SONOMA COUNTY, Respondent.

JURISDICTION OF SUPERIOR COURT—PREMATURE APPEAL FROM JUSTICE'S COURT — TRIAL BY JURY — JUDGMENT NOT ENTERED — DISMISSAL— MANDAMUS NOT ALLOWED.—The superior court has no jurisdiction of an appeal from a justice's court, in which there was a trial by jury, and judgment had not been entered in the docket in conformity with the verdict when the appeal was taken; and where such

premature appeal was dismissed by the superior court, regardless of the ground of dismissal, *mandamus* will not lie to compel the superior court to proceed with the trial thereof.

ID.—DUTY OF JUSTICE TO ENTER JUDGMENT ON VERDICT—FORM—ENTRY ESSENTIAL.—Though the justice is not required to formulate a judgment with the particularity required of judgments entered in the superior court, yet it is made his duty when a trial by jury has been had to enter a judgment at once in conformity with the verdict, and it is provided that no judgment in the justice's court shall have any effect for any purpose until it is entered. Until some entry has been made in the docket showing that he has rendered a judgment on the verdict, there is no judgment from which an appeal may be taken.

APPLICATION for writ of mandate to the Superior Court of Sonoma County.   Thos. C. Denny, Judge.

The facts are stated in the opinion of the court.

Rolfe L. Thompson, for Petitioner.

John C. Ruddock, for Respondent.

CHIPMAN, P. J.—Mandate.   Plaintiff prays for the writ of this court compelling defendant to set aside its order dismissing the appeal of plaintiff herein, in a certain action wherein J. J. Smalley is plaintiff and John June, plaintiff herein, is defendant, from an alleged judgment made and entered in the justice's court of Cloverdale township, Sonoma county, in favor of said Smalley, and directing defendant to proceed to the hearing and trial of said action of *Smalley* v. *June*.

It appears that in said action a trial was had by a jury and, on July 20, 1910, the jury rendered the following verdict: "We, the jury, find for the plaintiff according to the complaint.   J. A. Linde, Foreman."   In the justice's docket there is an entry of July 20, 1910, reciting that the case was called at 9 o'clock A. M. of that day, a jury impaneled to try the case (naming the members) and, "after argument by counsel the case was submitted to the jury; after being out a half hour the jury returned a verdict in favor of the plaintiff." No other proceedings were taken by the justice and no other entry was made in his docket except that it appears from defendant's answer herein that the said justice entered judg-

ment on the verdict on December 30, 1910, and it is conceded that the justice neither rendered nor entered any judgment on the verdict except as last above stated. On July 22, 1910, defendant in that action, plaintiff now here, filed his notice of appeal to the superior court, "on questions of both law and fact," and on July 23, 1910, filed with said justice an undertaking, reciting the amount of the alleged judgment, to wit, $110.29, principal, and $53, costs, and claiming a stay of execution and obligating the sureties in the sum of $300 and reciting that said sureties "promise on the part of the said appellant that the said appellant will pay the amount of said judgment so appealed from and all costs, if the appeal is withdrawn or dismissed, or the amount of any judgment and all costs that may be recorded against him in the action in said superior court."

On July 26, 1910, the justice transmitted to said superior court a certified copy of his docket in said action, and the pleadings, all notices, motions and other papers in said cause, the notice of appeal and the undertaking filed therein, all of which were received by the clerk of said superior court on said last-named day.

Defendant in the said action having failed to pay the clerk's fees and having taken no further steps to prosecute his appeal, the plaintiff in that action paid the clerk's fees, on December 8, 1910, and served and filed his motion in said superior court that he would move to dismiss said appeal "for failure to prosecute the same, and for unnecessary delay in bringing the said action to hearing. The said motion will be heard on the papers in the case." On January 4, 1911, the court made an order dismissing the appeal, with costs.

It is claimed by respondent here that at the time defendant in the action, *Smalley* v. *June,* took his appeal, no judgment had been entered on the verdict and the attempted appeal was ineffectual for any purpose and the superior court was without jurisdiction to hear and determine the case and rightly dismissed the appeal.

It is also claimed that the undertaking is insufficient, there being no separate bond to cover costs on appeal as required by section 978, Code of Civil Procedure.

Section 974, Code of Civil Procedure, provides that: "Any person dissatisfied with a judgment rendered in a civil action

in a police or justice's court, may appeal therefrom to the superior court of the county, at any time within thirty days after the rendition of the judgment." And the notice must state whether "the appeal is taken from the whole or a part of the judgment."

Section 891, Code of Civil Procedure, reads: "When a trial by a jury has been had, judgment must be entered by the justice at once, in conformity with the verdict." And the judgment "must be entered substantially in the form required in section 667. . . . No judgment shall have effect for any purpose until so entered." (Code Civ. Proc., sec. 893.)

It seems to us that the appeal was prematurely taken and that the superior court did not acquire jurisdiction thereby. *Montgomery* v. *Superior Court,* 68 Cal. 407, [9 Pac. 720], is cited by petitioner in support of the claim that the verdict was a judgment within the meaning of the statute. In that case the justice's docket contained the following entry: "Jury fees paid by defendant and judgment entered for the defendant for costs of suit. Defendant's costs being $25, for witness and jury fees, and also the sum of $1.75 for constable fees; total $26.75. Plaintiff's costs being $17." It further appears that the petitioner went to trial in the superior court and, without objection to the regularity of any proceedings, defended the case on its merits. Said the court: "Having thus taken the chances of obtaining a verdict in his favor, we think his objection now comes too late." It was also held that the court had jurisdiction because the justice's record showed "that a judgment had been entered in conformity with the verdict, and appears to be in all respects regular and sufficient." We do not think that the justice must formulate a judgment with that particularity required of judgments required to be entered in the superior court, but that he should make some entry in his docket showing that he has rendered judgment on the verdict we do think is essential to a substantial compliance with the statute. His duty to enter judgment is in a sense ministerial, and its performance could probably be enforced by mandate, but, nevertheless, the statute requires this of him. Until such entry is made there is no judgment from which an appeal may be taken and, if the appeal is taken before the justice enters judgment on the verdict, it confers no jurisdiction on the superior court.

It follows that, as the superior court acquired no jurisdiction by the attempted appeal, this court cannot give it jurisdiction through the means of the writ prayed for; and this is true although the motion to dismiss was not made on this ground.

It is not necessary to pass upon the sufficiency of the undertaking.

The writ is denied.

. Burnett, J., and Hart, J., concurred.