[S. F. No. 5798. In Bank.—October 17, 1911.]

CHARLES WERNER, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, and FRANK J. MURASKY, Judge thereof, Respondents.

JUSTICE'S COURT—DEFECTIVE UNDERTAKING ON APPEAL—ERRONEOUS RECITAL—FILING NEW UNDERTAKING IN SUPERIOR COURT.—An undertaking on appeal from the justice's court, taken by the plaintiff, which erroneously provides that the sureties will pay all costs and damages awarded against "the defendant," instead of "plaintiff" or "appellant," is defective merely and not a nullity. Such defect may be cured by the filing in the superior court of a sufficient undertaking, in pursuance of leave first obtained from that court.

ID.—JUSTIFICATION OF SURETIES—ANY JUSTICE OF SAME COURT MAY TAKE.—After a case in the justice's court has been assigned for trial to a particular justice thereof, in pursuance of section 90 of the Code of Civil Procedure, the sureties on an undertaking on appeal, after due notice to the adverse party, may justify, under section 92 of that code, before any other justice of the same court.

APPLICATION for a Writ of Prohibition directed to the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

·The facts are stated in the opinion of the court.

F. J. Castelhun, for Petitioner.

L. Seidenberg, for Respondent.

THE COURT.—This is a petition for a writ of prohibition to restrain the superior court from proceeding with the hearing and determination of a case appealed to it from the justice's court upon the ground that the superior court had never acquired jurisdiction of the cause upon appeal.

In support of his application petitioner contends that the undertaking given on appeal is so radically defective as to be a nullity, wherefore the superior court never acquired jurisdiction (*McCracken* v. *Superior Court*, 86 Cal. 74, [24 Pac. 845]). The defect in the undertaking which it is contended thus completely destroys it is this: The instrument

provides that the sureties will pay all costs and damages awarded against "the defendant," whereas the plaintiff being the appellant it should have read "plaintiff" or "appellant." That this palpable error is not sufficient to vitiate the undertaking and render it a nullity is decided in *Swain* v. *Graves*, 8 Cal. 549, under facts and circumstances well nigh identical with those here presented. It follows, therefore, that the error rendered the undertaking merely defective and not a nullity.

Under section 90 of the Code of Civil Procedure, the case in the justice's court was assigned for trial to Justice A. B. Treadwell. Subsequently the sureties justified before Justice Isadore Golden, another justice of the same justice's court. This was after due notice to the defendant. It is contended that this justification was a nullity, but section 92 of the same code expressly provides that "sureties on appeal, or on any bond, or undertaking given in any cause or proceeding in said court, when required to justify, may justify before any one of the justices." The justification, therefore, was not a nullity.

It is made to appear that a corrected undertaking, by leave of the court first had, was filed in the superior court before which the appeal was pending. This was permissible procedure and cured the error complained of (*Coulter* v. *Stark*, 7 Cal. 245; *McCracken* v. *Superior Court*, 86 Cal. 74, [24 Pac. 845]).

Wherefore, the relief prayed for is denied and the writ discharged.