[Civ. No. 2053. Second Appellate District.—April 6, 1916.]

MARTHA B. SIMMONS, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SAN DIEGO et al., Respondents.

Appeal—Statutes Conferring Right of—Construction.—The provisions of the statutes conferring the right of appeal and prescribing the procedure are remedial, and should not be unduly hampered with constructive restrictions which will cast doubt upon the jurisdiction of the appellate court.

Id.—Appeal from Justice's Court—Payment of Fees.—The purpose of the enactment of section 981 of the Code of Civil Procedure was to provide for the payment of the clerk's fees at the time of transmitting to the superior court the papers on appeal; and where the fees, though not paid to the justice at the time of presenting for filing the notice of appeal, are nevertheless paid within the thirty days allowed for taking the appeal so as to enable him to transmit the fees, together with the papers on appeal, it is a sufficient compliance with the statute.

Id.—Notice of Appeal—Time of.—While a justice of the peace may not be required to accept for filing any notice of appeal not accompanied with payment of the fees, and assuming that a notice of appeal left with the justice, without the fees, cannot be deemed filed until payment of the fees, it being the duty of the justice to file the notice upon the payment of the fees, it will be deemed

filed as of the date on which the fees were paid, where the payment is within thirty days after the rendition of judgment, and this is a sufficient compliance with the statute.

APPLICATION originally made in the District Court of Appeal for the Second Appellate District for a Writ of Prohibition to restrain the Superior Court of San Diego County from proceeding with the trial of a certain action on a purported appeal from a Justice's Court.

The facts are stated in the opinion of the court.

Albert J. Lee, for Petitioner.

Rogers & Rogers, Ford & Hammon, and Percy V. Hammon, for Respondents.

SHAW, J.—Upon notice duly given petitioner applies to this court for a peremptory writ of prohibition, the purpose of which is to restrain the superior court of San Diego County from proceeding with the trial of a certain case pending in that court on a purported appeal from the justice's court of San Diego township.

The application was heard upon respondents' general demurrer interposed to the petition.

It appears from the petition that on November 11, 1915, in a certain case wherein petitioner was plaintiff and one Elizabeth G. Clarke was defendant, a judgment was rendered in the justice's court of San Diego township in favor of the plaintiff; that on November 20, 1915, defendant in said action filed with the justice of the peace a notice of appeal from said judgment to the superior court of San Diego County. At the time of filing this notice of appeal defendant did not pay to the justice of the peace the fees provided by law to be paid to the county clerk for filing the appeal and placing the action on the calendar in the superior court; but a few days thereafter, and within the time specified by law for perfecting the appeal, she did pay to the justice of the peace such fees, which were transmitted to the county clerk, together with the papers on appeal.

Section 981 of the Code of Civil Procedure provides: "No appeal taken from a judgment rendered in a police or justice court in civil matters shall be effectual for any purpose what-

ever unless the appellant shall, at the time of filing the notice of appeal, pay in addition to the fee payable to the justice of the peace on appeal, the fees provided by law to be paid to the county clerk for filing the appeal and for placing the action on the calendar in the superior court. Upon transmitting the papers on appeal, the justice or judge shall transmit to the county clerk the sum thus deposited for filing the appeal in the superior court and for placing the action on the calendar. No notice of appeal shall be filed unless the fees herein provided for are paid in accordance with the provisions of this section." The contention of petitioner, urged in support of a motion made in the lower court to dismiss the appeal, as well as that urged in support of this application, is that, inasmuch as the appellant neglected to pay the clerk's fees to the justice of the peace at the precise time when she presented and had filed her notice of appeal, the appeal so taken was ineffectual for any purpose. In *Rigby* v. *Superior Court*, 162 Cal. 338, [122 Pac. 960], it is said: "The provisions conferring the right of appeal and prescribing the procedure are remedial, and should not be unduly hampered with constructive restrictions which will cast doubt upon the jurisdiction of the appellate court." The purpose of the enactment of section 981 of the Code of Civil Procedure was to provide for the payment of the clerk's fees at the time of transmitting to the superior court the papers on appeal; and where the fees, though not paid to the justice at the time of presenting for filing the notice of appeal, are nevertheless paid within the thirty days allowed for taking the appeal so as to enable him to transmit the fees, together with the papers on appeal, it is, in our opinion, a sufficient compliance with the statutory provision. By this we do not, however, intend to say that the justice is required to accept for filing any notice of appeal not accompanied with payment of said fees. The case of *Johnson* v. *Superior Court*, 28 Cal. App. 618, [153 Pac. 404], cited by petitioner, is not in point, for the reason that in that case the fees were not paid until after the expiration of thirty days; and since clearly the appeal had not been perfected within the thirty days, it was held the superior court had no jurisdiction to entertain it, and a writ of prohibition was granted.

Assuming, as claimed by petitioner, that the notice of appeal could not be deemed filed until payment of the fees in

question was made, then, since it was left with the justice whose duty it was to file it upon payment of the fees, it should be deemed filed as of the date on which the fees were paid, and since this was within the thirty days after the rendition of judgment, it would seem to be a sufficient compliance.

In our opinion, the application for the writ should be, and it is, denied.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 1, 1916.