[Civ. No. 2059. Second Appellate District.—April 12, 1916.]

## W. C. AUSTIN, Petitioner, v. BENJAMIN C. STRANG, Justice of the Peace, Respondent.

STATUTORY CONSTRUCTION—EFFECT TO BE GIVEN EVERY PART OF STAT-
UTE.—It is a cardinal rule of interpretation of statutes that effect,
if possible, must be given to every clause and part thereof.

JUSTICE'S COURT—FEES—CONSTRUCTION OF SECTION 4300E, POLITICAL
CODE.—By section 4300e of the Political Code, the legislature has,
for the purpose of fixing the fees of a justice of the peace, classi-
fied the services which may be rendered into three groups, as to
each of which a specific fee is fixed for services performed; that
is, two dollars is required to be paid for all services performed
by him before trial; if there be a trial, an additional three dol-
lars shall be paid; if there be no trial, and the justice be called
upon to render and enter judgment by default, an additional fee
of two dollars shall be paid covering such services; and it
is a prerequisite to the rendition and entry of a judgment of de-
fault to exact the payment of a fee of two dollars, which covers
the cost, not only of the rendition and entry of such judgment,
but also services subsequent thereto, including the issuance of an
execution and satisfaction of judgment.

APPLICATION originally made in the District Court of
Appeal for the Second Appellate District for a Writ of Man-
date to compel a justice of the peace to enter judgment by
default.

The facts are stated in the opinion of the court.

A. R. Jamieson, for Petitioner.

Simpson, Moody & Simpson, for Respondent.

SHAW, J.—In this proceeding the petitioner seeks a writ
of mandate directed to Benjamin C. Strang, in his official
capacity as justice of the peace of Pasadena township, di-
recting him to enter a judgment by default in favor of peti-
tioner in a certain action pending in the court of said justice,
wherein petitioner is plaintiff and J. R. Robinson and wife
are defendants.

It appears that petitioner at the time of filing his complaint
in said justice's court paid the filing fee of two dollars;

that summons was issued and duly served upon defendants therein named; that the time for answering said complaint having expired and no answer or other plea to said complaint being interposed by defendants, plaintiff demanded of said justice that he enter a default judgment against said defendants; that said justice, conceding that plaintiff was entitled thereto, nevertheless refused to enter the same except upon payment made by plaintiff of a fee of two dollars in addition to that theretofore paid upon the filing of the complaint, which petitioner refused to pay.

The contention of petitioner is that this additional fee demanded by the justice for the rendition and entry of judgment by default is without warrant of law. Both parties base their contentions upon section 4300e of the Political Code, as amended in 1913, [Stats. 1913, p. 1442], which is as follows: "For all services to be performed by him before trial, in a civil action, two dollars; and for the trial of either a question of law or fact, and all proceedings subsequent thereto, including all affidavits, swearing witnesses and jury, and the entry of judgment and issuance of execution thereon, three dollars, to be paid when such trial is calendared for hearing; and for the rendition and entry of judgment by default or confession, and services subsequent thereto, including execution and satisfaction of judgment, two dollars."

Prior to the amendment, the third clause of the statute above quoted read as follows: "And in all cases where judgment is rendered by default or confession, for all services, including execution and satisfaction of judgment, two dollars." We must assume that the legislature had some purpose in thus amending the law under which petitioner concedes that justices made no such charge as that here made. Moreover, it is a cardinal rule of interpretation of statutes that effect, if possible, must be given to every clause and part thereof. If we accept petitioner's construction, that the fee of two dollars provided as compensation for all services to be performed before trial covers the cost for rendition and entry of judgment by default, then the third clause of the statute is given no effect whatever, and its adoption was an idle act.

As we construe the statute, the legislature has, for the purpose of fixing the fees of a justice, classified the services which may be rendered into three groups as to each of which

a specific fee is fixed for services performed. Thus, two dollars is required to be paid for all services performed by him before trial. If there be a trial, an additional three dollars shall be paid; if there be no trial, and the justice be called upon to render and enter judgment by default, an additional fee of two dollars shall be paid covering such services. The services are itemized under three heads and a separate fee fixed for each class of items.

We are clearly of the opinion that it was the duty of respondent, as a prerequisite to the rendition and entry of judgment of default demanded by plaintiff in said action, to exact the payment of a fee of two dollars, which, as provided, covered the cost, not only of the rendition and entry of such judgment, but for all services subsequent thereto, including the issuance of an execution and satisfaction of judgment.

The petition for a peremptory writ of mandate as prayed for is denied, and the proceeding dismissed.

Conrey, P. J., and James, J., concurred.