[Civ. No. 2671.    Second Appellate District.—June 27, 1918.]

MARTHA B. SIMMONS, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SAN DIEGO et al., Respondents. .

JUSTICE'S COURT OF APPEAL—PAYMENT OF FEES—TIME.—On an appeal from a justice's court, it is not necessary that the fees provided by section 981 of the Code of Civil Procedure to be paid to the county clerk for filing the transcript on appeal and placing the action on the calendar in the superior court should be paid to the justice at the time of the filing of notice of appeal, and where paid within the thirty-day period allowed for taking the appeal, the statute has been sufficiently complied with, and jurisdiction of the appeal acquired.

APPLICATION for a Writ of Review originally made to the District Court of Appeal for the Second Appellate District to annul an order denying a motion to dismiss a justice's court appeal.

The facts are stated in the opinion of the court.

Albert J. Lee, for Petitioner.

Theodore Stensland, for Respondents.

SHAW, J.—*Certiorari.*  On November 11, 1915, in a certain case wherein petitioner was plaintiff and one Elizabeth G. Clarke was defendant, a judgment was rendered in the justice's court of San Diego Township in favor of plaintiff. On November 20th defendant served upon plaintiff's attorney a notice of appeal to the superior court, wherein it was further stated: "You will further take notice that an undertaking on said appeal was this day filed in said justice's court." This notice, together with the undertaking on appeal, was on the same day deposited with the justice of the peace, who indorsed thereon: "Filed November 20, 1915, J. Edward Keating, Justice of the Peace." At the time of depositing and filing these documents the appellant did not pay the justice of the peace the fees provided by law to be paid to the county clerk for filing the transcript on appeal and placing the action on the calendar in the superior court.

On December 10th, however, which was within the time specified by law for perfecting the appeal, she did pay to the justice of the peace such fees, which were transmitted to the county clerk, together with the papers on appeal. Thereafter, upon the ground that the court was without jurisdiction to try the case, plaintiff moved to dismiss the appeal, which motion by order of court being denied, petitioner by this proceeding seeks to have the same annulled.

Her contention is that no undertaking on appeal was filed within five days after the filing of the notice of appeal, as required by section 978a of the Code of Civil Procedure. As we have stated, the notice was duly served on November 20th, on which day it was deposited with the justice who indorsed it as filed of that date. It is conceded that an undertaking in due form was filed within five days thereafter. Petitioner insists, however, that the filing of the undertaking was ineffectual, for the reason that the notice of appeal must be \deemed to have been filed on December 10th, at which time the fees were paid. In the case of *Simmons* v. *Superior Court,* 30 Cal. App. 252, [157 Pac. 817], wherein this petitioner sought a writ of prohibition to restrain the superior court from proceeding with the trial of the case, upon the ground that since the fees were not paid at the precise time of filing the notice of appeal, the filing thereof was ineffectual for the purpose of conferring jurisdiction upon the superior court, this court, in considering such question, said: "The purpose of the enactment of section 981 of the Code of Civil Procedure was to provide for the payment of the clerk's fees at the time of transmitting to the superior court the papers on appeal; and where the fees, though not paid to the justice at the time of presenting for filing the notice of appeal, are nevertheless paid within the thirty days allowed for taking the appeal so as to enable him to transmit the fees, together with the papers on appeal, it is, in our opinion, a sufficient compliance with the statutory provision." We adhere to the conclusion reached in that case, viz., that the notice of appeal was filed on November 20th when deposited with the justice and indorsed as filed of that date, from which it follows that, since the undertaking on appeal was filed within five days thereafter, it constituted a sufficient compliance with the provisions of section 978a of the Code of Civil Procedure. "The provisions conferring the right of appeal and prescribing the pro-

cedure are remedial and should not be unduly hampered with constructive restrictions which will cast doubt upon the jurisdiction of the appellate court." (*Rigby* v. *Superior Court,* 162 Cal. 339, [122 Pac. 958].)

It is true that in the opinion in the case referred to this court, in response to one line of argument urged by the petitioner therein, said: "Assuming, as claimed by petitioner, that the notice of appeal could not be deemed filed until payment of the fees in question was made, then, since it was left with the justice whose duty it was to file it upon payment of the fees, it should be deemed filed as of the date on which the fees were paid." It is clear, however, that the decision was not based upon the correctness of petitioner's contention, but, *even if well founded,* the court held it insufficient to warrant the relief asked. The statement based upon the assumed correctness of petitioner's claim was unnecessary to the decision, which was clearly founded upon other grounds, which must be deemed conclusive as to the question involved in the instant case.

Since the notice of appeal, as held in *Simmons* v. *Superior Court,* 30 Cal. App. 252, [157 Pac. 817], was filed on November 20th and the undertaking on appeal, as conceded, was filed within five days thereafter, it necessarily follows that such act constituted a full compliance with the provisions of section 978a of the Code of Civil Procedure.

The order sought to be annulled is affirmed.

Conrey, P. J., and James, J., concurred.