[Civ. No. 2944.   Second Appellate District, Division One.—March 27, 1919.]

## ANNA FARRISEE, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] JUSTICE'S COURT APPEAL—HOW TAKEN.—An appeal from a justice's court is taken by filing a notice thereof with the justice and serving a copy thereof upon the adverse party, but is not effectual for any purpose unless an undertaking be filed.

[2] ID.—TRANSFER OF JURISDICTION.—When the appellant, on an appeal from a judgment rendered in a justice's court, has filed and given the notice of appeal and filed the undertaking, as required by the code, the justice is divested of all jurisdiction in the matter other than, as required by section 977 of the Code of Civil Procedure, and subject to the payment of his fees, to transmit the record to the clerk of the superior court for further proceedings.

[3] ID.—JURISDICTION OF SUPERIOR COURT — HOW DIVESTED.—On such appeal, the jurisdiction of the superior court attaches upon the perfecting of the appeal by the filing of the undertaking, and having once attached, can only be divested by an order of dismissal or some other act of that court.

[4] ID.—JUSTIFICATION OF SURETIES — DISMISSAL OF APPEAL — CONSTRUCTION OF CODE.—While section 978a of the Code of Civil Procedure provides that where an exception to the sufficiency of the sureties is interposed, they must justify within five days thereafter, otherwise the appeal must be regarded as if no such undertaking had been given, this does not, *ipso facto*, affect the appeal, the perfecting of which has vested jurisdiction of the case in the superior court, but the provision is to be construed as giving to the respondent the right, if he shall choose to avail himself thereof, to move for its dismissal upon the ground that since it was taken it has become ineffectual.

[5] ID.—FAILURE OF SURETIES TO JUSTIFY—SECOND ATTEMPTED APPEAL INEFFECTIVE.—Where, on an appeal from a judgment rendered by a justice's court, the sureties upon the undertaking, in response to exception to their sufficiency, fail to justify, the superior court has no jurisdiction other than to dismiss the appeal, notwithstanding that before the expiration of the time within which the sureties might qualify and while the first appeal is operative, a second notice of appeal and undertaking thereon are filed.

PROCEEDING in Certiorari to review the action of the Superior Court of Los Angeles County in denying petitioner's

motion to dismiss an appeal from a judgment rendered by a Justice's Court.   Order denying motion annulled.

The facts are stated in the opinion of the court.

Louis N. Wheaton for Petitioner.

Charles M. Ackerman for Respondents.

SHAW, J.—*Certiorari.* The question presented is the power of the superior court to proceed with the trial of an action pending therein on appeal from a judgment rendered by a justice's court, after denying a motion to dismiss the same made upon the ground that the superior court is without jurisdiction to try the case, for the reason that the sureties upon the undertaking failed to qualify within five days after exceptions interposed to their sufficiency, and that a second notice of appeal and undertaking thereon, filed before the expiration of the time within which the sureties might have qualified and while the first appeal was operative, was a nullity.

[1] An appeal from a justice's court is taken by filing a notice thereof with the justice and serving a copy thereof upon the adverse party (Code Civ. Proc., sec. 974), but it "is not effectual for any purpose, unless an undertaking be filed" (Code Civ. Proc., sec. 978).   This implies that it is effectual if the undertaking required be filed.   [2] Appellant, in giving the notice and filing the undertaking, having fully complied with the provisions of the code, the justice was divested of all jurisdiction in the matter other than, as required by section 977 of the Code of Civil Procedure, and subject to the payment of his fees, to transmit the record to the clerk of the superior court for further proceedings.   [3] "The jurisdiction of the superior court attached upon the perfecting of the appeal by the filing of the undertaking, and having once attached could be divested only by an order of dismissal or some other act of that court." (*Moffat* v. *Greenwalt*, 90 Cal. 368, [27 Pac. 296].)   The first appeal having been perfected, it, *ipso facto*, effected a transfer of the case to the superior court; hence, there was nothing in the justice's court which could be made the subject of the second appeal (*Brown* v. *Plummer*, 70 Cal. 337, [11 Pac. 631]; *Tompkins* v. *Mont-*

*gomery,* 116 Cal. 120, [47 Pac. 1006]), and the proceeding, since there was nothing upon which it could operate, was, therefore, a nullity. **[4]** While section 978a of the Code of Civil Procedure provides that where an exception to the sufficiency of the sureties is interposed they must justify within five days thereafter, otherwise the appeal must be regarded as if no such undertaking had been given, this does not, *ipso facto,* affect the appeal, the perfecting of which has vested jurisdiction of the case in the superior court, but, as said in *Moffat* v. *Greenwalt, supra,* the provision is to be construed "as giving to the respondent the right, if he shall choose to avail himself thereof, to move for its dismissal upon the ground that since it was taken it has become ineffectual." **[5]** The purported appeal in the second proceeding, therefore, being a nullity and the sureties upon the undertaking on the first appeal having, in response to exception to their sufficiency, failed to justify, it follows that upon the conceded showing of such fact made, the court had no jurisdiction other than to make an order granting petitioner's motion.

The order denying petitioner's motion to dismiss the appeal in that certain action wherein Lewis E. Tucker is plaintiff and petitioner is defendant, now pending in the superior court of Los Angeles County, is annulled, and it is further ordered that respondent refrain and desist from any action or proceeding therein other than to make an order dismissing the appeal from the judgment rendered by the justice's court.

Conrey, P. J., and James, J., concurred.