[Civ. No. 2215.    Third Appellate District.—July 20, 1920.]

F. R. SHRIVER et al., Petitioners, v. THE SUPERIOR COURT OF SONOMA COUNTY et al., Respondents.

[1] Justice's Court Appeal—Failure of Sureties to Sign Undertaking—Effect of.—Where the sureties sign only the affidavit of qualification attached to a form of undertaking on appeal from a judgment of a justice's court, but not the undertaking itself, the undertaking is fatally defective and insufficient to confer jurisdiction upon the superior court.

[2] Id.—Unwarranted Transmission of Record and Fees to Superior Court — Legal Effect. — Where the undertaking is not signed it is, in legal effect, no undertaking; the appeal is a mere nullity and, although the papers and records have been transmitted to the superior court, they are, as a matter of law, still in the office of the justice; and the fees paid for the purpose of perfecting the appeal, and which were also transmitted to the superior court, must be deemed to have remained in the hands of the justice.

[3] Id.—Second Appeal—Repayment of Fees—Duty of Superior Court Clerk.—In such a case the filing of a second notice of appeal within the time required by law, accompanied by a sufficient undertaking, is effectual to confer jurisdiction upon the superior court, although the fees are not again paid; and the record and fees having been previously (although prematurely) transmitted to the clerk of the superior court, all that remains for the justice to do is to transmit the additional papers, together with

a complete copy of his docket, and it is the duty of the clerk of the superior court to refile the papers received on the first appeal as accompanying the second appeal.

[4] ID.—FAILURE TO ENTER JUDGMENT ON VERDICT—PREMATURE APPEAL.—Where a case in a justice's court is tried by a jury and no judgment is entered on the verdict, an attempted appeal from a purported judgment is prematurely taken and the superior court acquires no jurisdiction thereby.

[5] ID.—VOID JUDGMENT—UNCERTAINTY AS TO JUDGMENT DEBTOR.—An entry in the docket of a justice's court as follows: "Judgment entered for $74.00 and costs of suit," is void for uncertainty, in that it cannot be ascertained therefrom in whose favor the justice intended to enter judgment. (On denial of rehearing.)

APPLICATION for a Writ of Prohibition to prevent the Superior Court of Sonoma County, and Thomas C. Denny, Judge thereof, from hearing an attempted Justice's Court appeal. Peremptory writ issued.

·The facts are stated in the opinion of the court. ·

Vallandigham & Quackenbush for Petitioners.

W. F. Cowan for Respondents.

MALCOLM C. GLENN, P. J., *pro tem.*—The petitioners seek to prohibit the trial in the superior court of Sonoma County of a certain action, entitled F. R. Shriver and G. Schoff (a Copartnership), Plaintiffs, *v.* Floyd Colvin and A. Beeman, Defendants, and which, prior to the filing of the petition in this court, had been set for trial by respondents. To the petition so filed, respondents have interposed a demurrer and answer. The demurrer was submitted without argument, and in view of the conclusions we have come to in a discussion of the facts as disclosed by the petition and answer, upon which this proceeding has been submitted, we believe the demurrer should be overruled, and it is so ordered.

It appears from the pleadings herein that the action above referred to was commenced in the justice's court of Santa Rosa township, county of Sonoma, and subsequently (according to the averments of the petition, upon the stipulation of the parties) was transferred to the justice's court of Russian River township, in said county. The action was

48 Cal. App.—37

tried on December 30, 1919, in said latter court, before the court and a jury, and on the same day a verdict was rendered and entered in favor of plaintiffs. It appears from the justice's docket that no judgment on the verdict was entered; but this matter will be discussed hereafter. However, a notice of appeal was filed, apparently on the assumption that a judgment had been made and entered on December 30, 1919, and the fees required to be paid upon the filing of the notice of appeal under the provisions of section 981 of the Code of Civil Procedure were duly paid and a purported undertaking filed. The sureties signed only the affidavit of qualification attached to the undertaking, but not the undertaking itself. The justice transmitted the papers on this notice of appeal to the clerk of the superior court, and they were there marked filed on January 10, 1920. On January 26, 1920, respondents therein, petitioners here, gave notice of motion to dismiss the appeal by reason of the insufficiency of the undertaking. The hearing was noticed for February 2, 1920. On January 28, 1920 (which was after the giving of the notice to dismiss, but before the hearing or the order granting the same, and which was within thirty days after the entry of judgment, assuming, for the present, that judgment was entered on December 30, 1919), the defendants and appellants in said action filed in the justice's court of Russian River township a new notice of appeal and also a new undertaking, but no fees accompanied the filing of these last-mentioned papers. They were, nevertheless, transmitted by the justice to the clerk of said superior court and therein filed on January 28, 1920. These papers were filed in action No. 11,532, and being the same action in which the papers under the first notice of appeal had been filed. (The date of the filing of the second notice of appeal and undertaking thereon appears from exhibit "D," attached to the petition.) The filing of these papers in the office of the clerk of the superior court was also prior to the hearing of the motion to dismiss the first appeal and the order granting the same. A copy of the second notice of appeal is attached to the petition, from which it appears that it was also taken from the purported judgment of December 30, 1919. Thereafter a motion was made by plaintiffs in said action, petitioners here, to dismiss the second appeal upon the grounds hereinafter discussed.

1. The first ground specified in the notice of motion is that the fees required by section 981 of the Code of Civil Procedure must accompany the filing of said notice of appeal, as the same is to be treated as a separate and independent appeal.

It will be noted that the second notice of appeal and the undertaking thereon were not only filed with the justice before the expiration of thirty days from December 30, 1919, the date of the purported judgment from which the appeal was taken, but were also transmitted to the clerk of the superior court and filed by him within said time and before the order dismissing the first appeal.

[1] It is important at the outset to determine whether or not the appeal first taken was perfected by the giving of a proper and sufficient undertaking. If it was, then there was no authority to file the second notice of appeal or undertaking, for upon the perfecting of an appeal the jurisdiction of the superior court immediately attaches. (*Farrisee* v. *Superior Court,* 40 Cal. App. 469, [181 Pac. 73].) If not perfected, then jurisdiction remained in the justice's court. The document filed as an undertaking was not signed by any sureties. According to the answer filed herein, two persons did sign the affidavit of qualification attached to the form of undertaking. We think this is clearly insufficient to constitute an undertaking, for parties who merely sign such an affidavit are not bound, nor do they become liable for the payment of any sum for costs on appeal, or otherwise.

An undertaking fatally defective is insufficient to confer jurisdiction upon an appellate court. (*Coker* v. *Superior Court,* 58 Cal. 177; *McCracken* v. *Superior Court,* 86 Cal. 74, [24 Pac. 845].) Of course, the rule is different where the undertaking is not fatally defective. (*Werner* v. *Superior Court,* 161 Cal. 209, [118 Pac. 709].)

[2] The undertaking is not only fatally defective, but not having been signed is, in legal effect, no undertaking. The appeal was a mere nullity; hence the record was improperly transmitted to the superior court. Under such circumstances the case is to be deemed as in the justice's court. In the case of *Tompkins* v. *Superior Court,* 24 Cal. App. 656, [142 Pac. 96], notice of appeal from a judgment was given, but no undertaking was filed thereon. The papers were, how-

ever, transmitted to the superior court. Subsequently, and within the time allowed by law, a second notice of appeal and an undertaking were filed. The court say: "Clearly, the first appeal was, and is conceded to be, a nullity by reason of the fact that no sufficient undertaking was filed as required by section 978 of the Code of Civil Procedure. Hence, the transmission of the record to the clerk made at this time by the justice was unwarranted, as the same is deemed to be in the office of the justice." In the case of *Johnson* v. *Superior Court*, 28 Cal. App. 618, [153 Pac. 404], an appeal had been taken from a judgment of the justice's court, but the requisite fees under section 981 of the Code of Civil Procedure had not been paid. The appeal was ordered dismissed, and the court, after quoting the language above set forth from the Tompkins case, says: "So here, the transmission by the justice of the record on appeal to the clerk of the superior court was without legal warrant by reason of the fact that the fees referred to in section 981 were not paid to the justice at the time of the filing of the notice of appeal, and the papers and record are, as a matter of law, still in the office of the justice, or the same in legal effect as though the physical act of transmitting them to the county clerk had not been performed."

The transferring of the papers under the first notice of appeal being unwarranted, it follows that the fees paid for the purpose of perfecting the appeal must be deemed to have remained in the hands of the justice until an appeal had been properly perfected. The sum so paid, under the provisions of sections 977 and 981 of said code, is to be transmitted with the papers.

Petitioners cite *Farrisee* v. *Superior Court*, 40 Cal. App. 469, [181 Pac. 73], but that case is distinguishable from this, as an undertaking had been duly filed, but the sureties, upon exception being taken to their sufficiency, had failed to qualify. The court held upon notice of appeal being filed, together with a sufficient undertaking the appeal became effectual and the jurisdiction of the superior court attached; that the failure of the sureties to justify did not *ipso facto* affect the appeal, but should be construed "as giving the respondent the right, if he shall choose to avail himself thereof, to move for its dismissal upon the ground that

since it was taken it has become ineffectual." (*Farrisee* v. *Superior Court*, 40 Cal. App. 469, [181 Pac. 73].)

That an undertaking to pay costs on appeal must be first filed before jurisdiction is conferred, and if not so filed the appeal is ineffectual for any purpose, has been held in many cases, but particular attention is called to the cases of *Stimpson etc. Scale Co.* v. *Superior Court*, 12 Cal. App. 536, [107 Pac. 1013]; *Thomas* v. *Hawkins*, 12 Cal. App. 327, [107 Pac. 578]; *McCracken* v. *Superior Court*, 86 Cal. 74, [24 Pac. 845].

[3]  The question as to the time of the payment of the fees under section 981 of the Code of Civil Procedure was involved in the case of *Simmons* v. *Superior Court*, 30 Cal. App. 252, [157 Pac. 817], and therein it is held that if the fees are paid within the thirty days allowed for taking an appeal, so as to enable the same to be transmitted with the record on appeal, although not paid at the time of filing the notice of appeal, it is sufficient. The court is careful to note that it does not intend to hold that the justice would be required to accept for filing any notice of appeal not accompanied with the payment of the fees. To the same effect is the case of *Simmons* v. *Superior Court*, 37 Cal. App. 676, [174 Pac. 670]. The Simmons case, 30 Cal. App. 252, [157 Pac. 817], is distinguished by the court therein from the case of *Johnson* v. *Superior Court*, 28 Cal. App. 618, [153 Pac. 404], for the reason that in the Johnson case the fees were not paid until after the expiration of thirty days, and hence the appeal had not been perfected within that time. *Austin* v. *Strang*, 30 Cal. App. 265, [157 Pac. 1002], cited by petitioner, is not in point, as that was mandate to compel the justice to enter a default without paying his fees therefor.

As no appeal had been perfected under the first notice of appeal by reason of the failure to file an undertaking thereon as required by law, jurisdiction of the action remained in the justice's court, and hence the papers and fees were prematurely transmitted. The second notice of appeal was taken within the time allowed by law (and after the time allowed by law for the filing of a new undertaking under the first notice) and a valid undertaking was filed. Hence this appeal became effectual (the fees for the transmission of the papers on appeal having been previously paid to the

justice), and jurisdiction passed to the superior court. The record and fees having been previously (although prematurely) transmitted to the clerk of the superior court, all that remained for the justice to do was to transmit the additional papers, together with a complete copy of his docket, and it would be the duty of the clerk of the superior court to refile the papers received on the first appeal as accompanying the second appeal. (*Tompkins* v. *Superior Court,* 24 Cal. App. 656, [142 Pac. 96].)

2. The second ground stated is that the papers were irregularly and improperly filed in said appeal. Apparently, from the points and authorities of petitioners, the irregularity consisted in the clerk of the superior court having filed the papers on the second appeal among the papers on the first appeal. The answer to this is as stated above: The transmission of the record on the first appeal having been unwarranted, the papers thus transmitted should be refiled as accompanying the second appeal. (*Tompkins* v. *Superior Court,* 24 Cal. App. 656–658, [142 Pac. 96].)

As the above points were the only ones argued by counsel, we have discussed the same at some length, for under the circumstances. we did not desire to disregard them; however, in view of the conclusion to which we have come as to the third ground stated in the notice of motion, a discussion of those points might have been properly eliminated.

3. The third ground is that the court is without jurisdiction of said appeal.

[4] This is well taken, for no judgment has ever been made or entered by the justice's court in said action. It is true that counsel have not discussed this particular point, and doubtless did not call the same to the attention of respondents at the hearing of the notice of motion to dismiss. It has apparently been assumed by counsel that a judgment was entered on December 30, 1919, but that such is not the fact is disclosed by the record.

While the notice of appeal (a copy of which is attached to the petition) recites that it is taken from the judgment made and entered on December 30, 1919, as a matter of fact, no such judgment was entered. The failure of counsel to call the court's attention to this matter would not, of course, justify a refusal to issue the writ, where the record, as it

does here, affirmatively shows want of jurisdiction on the part of respondents to proceed further with the action.

The case was tried on December 30, 1919, before the court and a jury, and the docket, a copy of which is attached to the petition, contains the following entry:

"December 30th, 1919. All parties in court. Jury sworn to try the case. The jury after hearing all evidence returned a verdict in favor of plaintiffs.

"Verdict as follows:

Seven lambs at eight dollars...........$50.00*
One ewe at ten dollars................ 10.00
Two ewes at four dollars.............. 8.00

<div style="margin-left:4em"></div>

        Total .......................$74.00 and costs."

At the end of the transcript of docket is the following: "I hereby certify above is true copy of the docket kept by me. J. D. Cooper." Nowhere in the docket is there mention of any judgment entered on the verdict of the jury.

As no judgment has ever been entered, it follows that both attempted appeals were prematurely taken and the superior court acquired no jurisdiction thereby. In the case of *June* v. *Superior Court of Sonoma County,* 16 Cal. App. 126, [116 Pac. 293], an appeal had been taken from the justice's court to the superior court after the entry of the verdict of the jury in the docket, but no judgment had been entered. The superior court made its order dismissing the appeal. It was sought by proceeding in mandate to compel the court to set aside its order dismissing the appeal. After reviewing the various decisions and sections of the code applicable thereto, it was held that the appeal was prematurely taken and that the superior court did not acquire jurisdiction thereby. The court say: "We do not think that the justice must formulate a judgment with that particularity required of judgments required to be entered in the superior court, but that he should make some entry in his docket showing that he has rendered judgment on the verdict we do think is essential to a substantial compliance with the statute. His duty to enter judgment is in a sense ministerial, and its performance could probably be enforced by mandate, but, nevertheless, the statute requires this of

---

*The error in this item appears in the copy of the docket from which we have quoted.

him. Until such entry is made there is no judgment from which an appeal may be taken, and if the appeal is taken before the justice enters judgment on the verdict, it confers no jurisdiction on the superior court.'' To the same effect also is the case of *Thomson* v. *Superior Court,* 161 Cal. 329, [119 Pac. 98], in which the court, in referring to the June case, say: ''We see no escape from the conclusions reached in the above case.''

From the foregoing it follows that a peremptory writ of prohibition should issue out of this court directed to respondents commanding them to refrain from all further proceedings in the action of F. R. Shriver and G. Schoof, a Copartnership, *v.* Floyd Colvin and A. Beeman, except to enter an order dismissing the appeal attempted to be taken therein. Let the writ issue accordingly. ·

Burnett, J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 19, 1920, and the following opinion then rendered thereon:

THE COURT.—Respondents petition for a rehearing: The writ was ordered issued by reason of the fact that the copy of the docket of the justice presented to this court showed that no judgment had ever been entered by the justice, and hence it was held that the attempted appeal was prematurely taken. [5] Respondents assert, however, that the following entry was in fact made in the docket but that they deemed it unnecessary to question its sufficiency, hence its omission: ''Judgment entered for $74 and costs of suit.'' In deciding the case, this court assumed, of course, that the record presented was correct. However, such an entry does not constitute a judgment. Section 891 of the Code of Civil Procedure provides that when a trial by jury has been had judgment must be entered by the justice at once ''in conformity with the verdict.'' This means that it must be entered in favor of the party securing the verdict; otherwise, the judgment is meaningless. The entry does not refer to the verdict nor can it be ascertained therefrom in whose favor the justice intended to enter judgment. Section 893 of the Code of Civil Procedure provides that the

judgment of the justice must be entered substantially in the form required by section 667, " . . . No judgment shall have effect for any purpose until so entered."

Respondents have referred us to no decision upholding a judgment which fails to indicate in whose favor it was rendered or entered; on the other hand, the authorities, which we have examined, hold that such a judgment is void for uncertainty.

In volume 15, R. C. L., section 29, it is said: "It is a fundamental rule that the form of a judgment should be such as will indicate with reasonable clearness the decision which the court has rendered, and a failure to comply with this requirement will render the judgment void for uncertainty. Thus a judgment which does not show for and against whom it is entered will be void for uncertainty and if it does not show in what case it was rendered, it will in like manner be void." Citing the case of *Ferrell* v. *Simmons,* 63 W. Va. 45, [129 Am. St. Rep. 962, 59 S. E. 752].

"A judgment not designating in whose favor it is rendered is void for uncertainty." "The judgment must designate with certainty the party against whom it is rendered." (11 Ency. of Pl. & Pr. 949, 951.)

In Black on Judgments (second edition, volume 1, section 3), under the heading of "Essentials of a Judgment," it is said: "And the judgment must of course appear to be in favor of one party and against the other."

While it is doubtless true that a judgment of the justice's court need not be entered with all the formalities of one of the superior court, yet those things essential to constitute a judgment can no more be omitted from the one than from the other.

Section 900a of the Code of Civil Procedure seems to cover a situation such as presented by the entry referred to by providing: "Said justice shall have power to set aside any void judgment upon motion of either party to the action after notice to the adverse party, and thereupon said action shall be treated as if no judgment had been entered."

Rehearing denied.