[Civ. No. 9542. Second Appellate District, Division Two.—March 22, 1934.]

H. BARDWELL, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

492

Frederick H. Brock for Petitioner.

Everett W. Mattoon, J. F. Moroney and L. G. Shelton for Respondents.

STEPHENS, P. J.—A judgment was awarded in a justice's court against the defendant there, who took all of the required steps to appeal. Notice was given her that the sureties on her appeal bond should appear and justify, but they did not do so within the required time. Thereafter and within the statutory time for appeal the said defendant filed a new notice of appeal and a new undertaking on appeal and caused a new notice thereof to be served on plain-

tiff, but paid no additional fee. The justice thereafter transmitted the case papers to the superior court and the plaintiff duly moved therein to dismiss the latter appeal. The motion was denied. The plaintiff in the justice's court now prays that we issue our writ of mandate commanding the superior court to dismiss the appeal, and for such further relief as she may be entitled to. Respondents appear by demurrer, alleging that the petition does not state a cause of action for the issuance of the writ of mandate or a cause of action against it.

The cause was argued herein upon the understanding that the demurrer should be taken as an answer.

We have examined all of the many cases cited by the parties, and while none of them arose from exactly the same state of facts that obtain in the instant case, we deduct the following conclusions from them:

█ Upon an appeal from a justice's court to the superior court, jurisdiction attaches to the superior court when (a) the notice of appeal has been filed, (b) the undertaking has been filed and (c) when notice thereof has been given. (*McCracken* v. *Superior Court,* 86 Cal. 75 [24 Pac. 845].) This assuming that everything has been done within the required times and no step is fatally defective. (*Tompkins* v. *Superior Court,* 24 Cal. App. 656 [142 Pac. 96]; *Bennett* v. *Superior Court,* 113 Cal. 440 [45 Pac. 808]; *Shriver* v. *Superior Court,* 48 Cal. App. 576 [192 Pac. 124]; *Tompkins* v. *Montgomery,* 116 Cal. 120 [47 Pac. 1006]—appeal from superior to Supreme Court.)

█ That notwithstanding the wording of section 978a, Code of Civil Procedure, upon the failure of the sureties to justify upon the undertaking "the appeal must be regarded as if no such undertaking had been given"; that notwithstanding the wording of section 978, Code of Civil Procedure, unless such an undertaking is given "an appeal . . . is not effectual for any purpose" the jurisdiction of the superior court is thereby affected only as to its power to proceed with the case; that jurisdiction is not "*ipso facto*" divested, but is only divested upon an order of court to that effect. (*Moffat* v. *Greenwalt,* 90 Cal. 368 [27 Pac. 296].)

█ That until jurisdiction has been divested as to one appeal, not fatally defective as above indicated, another appeal cannot be maintained (*Farrisee* v. *Superior Court,*

40 Cal. App. 470 [181 Pac. 73]), but can be maintained when the first appeal is fatally defective. (*Shriver* v. *Superior Court, supra*.)

As in the instant case, the first appeal was not fatally defective, but lost its effectiveness only because the sureties failed to justify, and as it is still pending in the superior court, the second appeal was abortive.

The demurrer is overruled. Our peremptory writ will issue to the superior court directing it to dismiss the first appeal, to dismiss the second attempted appeal, and to take such other steps as may be necessary to replace the case within the jurisdiction of the justice's court.

Craig, J., concurred.

ARCHBALD, J., *pro tem.*, Concurring.—I concur. The case of *McCracken* v. *Superior Court, supra,* seems more in accord with the language of section 978, Code of Civil Procedure, but under the later case of *Moffat* v. *Greenwalt, supra,* the failure to justify after a timely exception does not seem to make the appeal ineffectual for any purpose, as the code seems to say, without an order of the superior court dismissing it.