[Civ. No. 1444.    Third Appellate District.—October 20, 1915.]

## P. H. JOHNSON, Petitioner, v. THE SUPERIOR COURT OF SACRAMENTO COUNTY, and CHARLES O. BUSICK, Judge Thereof, Respondents.

JUSTICE'S COURT—APPEALS—COUNTY CLERK'S FEES—JURISDICTION—SECTION 981 CODE CIVIL PROCEDURE—PROHIBITION.—Under section 981 of the Code of Civil Procedure the superior court acquires no jurisdiction of an appeal from the justice's court where the appellant, at the time of filing the notice of appeal, fails to pay in addition to the fees payable to the justice of the peace on appeal, the fees provided by law to be paid to the county clerk for filing the appeal and for placing the case on the calendar in the superior court; and in such a case prohibition will lie to prevent the superior court from entertaining further proceedings in the case.

ID.—AMOUNT OF FEES—SECTIONS 4190, 4300a, 4300e POLITICAL CODE.—Under sections 4190, 4300a, and 4300e of the Political Code the total amount which a party appealing from the justice's to the superior court must pay, upon taking such appeal, is the sum of nine dollars, which includes two dollars for placing the case on the calendar for trial, and the payment of the latter fee of two dollars to the county clerk after the record on appeal has been transmitted to him and before the cause is placed on the calendar is not a compliance with section 981 of the Code of Civil Procedure, as the payment of that fee is also a jurisdictional prerequisite for perfecting the appeal.

ID.—APPEALS—STATUTORY RIGHTS.—It is within the legitimate power of the legislature to prescribe the terms upon which appeals may be taken; for the right of appeal is wholly statutory and the terms upon which it may be exercised must with substantial strictness be observed.

ID.—IGNORANCE OF STATUTE.—The fact that neither the appellant nor his attorney, at the time the appeal was taken, knew of the existence of section 981 of the Code of Civil Procedure, does not constitute a valid excuse for not observing the requirements of said section on filing a notice of appeal.

APPLICATION originally made to the District Court of Appeal for the Third Appellate District for a Writ of Prohibition directed against the Superior Court of Sacramento County and Honorable Charles O. Busick, Judge thereof.

The facts are stated in the opinion of the court.

Irving D. Gibson, for Petitioner.

Thomas B. Leeper, for Respondents.

HART, J.—In an action instituted in the justice's court in and for Sacramento township in Sacramento County, by the petitioner, P. H. Johnson, against one E. M. Kaster, a judgment was entered by the justice of said court, on the thirtieth day of July, 1915, in favor of the petitioner and against said Kaster for the sum of $109.50 and costs of suit. Thereafter, "and on the 9th day of August, 1915, a notice of appeal, an undertaking on appeal and notice of filing of undertaking on appeal were served on the plaintiff (in said action, the petitioner herein) and filed with the justice of the peace, and at the same time of filing above papers, the defendant (in said action, Kaster) paid to the said justice of the peace the sum of $7.00 and no more as costs on appeal; that thereafter, and on the 17th day of August, 1915, the justice's clerk delivered all the papers and records in said action, together with a certified copy of the justice's docket to the clerk of the superior court of the county of Sacramento . . . and paid said clerk . . . the fees which had been paid theretofore by defendant, E. M. Kaster, to wit: $7.00 and no more; that said clerk of the superior court filed said action in the superior court of the county of Sacramento. . . ."

Thereafter (on the 8th day of September, 1915), the petitioner herein served on the defendant in said action and duly filed a notice of motion in the said superior court to dismiss said action or the appeal therein on the ground that said superior court was without jurisdiction or authority to entertain said appeal or action, and upon the hearing of said motion on the thirteenth day of September, 1915, the respondents herein denied the same.

The petitioner (the plaintiff in the action above referred to) has instituted the present proceeding before this court for the purpose of securing a writ of prohibition peremptorily restraining or prohibiting the respondents from entertaining and passing upon the purported appeal in the action mentioned or trying said action.

The respondents have interposed both a demurrer and an answer to the petition, but the point presented for decision

is raised by the demurrer, and we may, therefore, omit any consideration herein of the answer.

The decision of the specific point made by the petitioner depends upon a construction of section 981 of the Code of Civil Procedure whose language is as follows: "No appeal taken from a judgment rendered in a police or justice court in civil matters shall be effectual for any purpose whatever unless the appellant shall, at the time of filing the notice of appeal, pay in addition to the fee payable to the justice of the peace on appeal, the fees provided by law to be paid to the county clerk for filing the appeal and for placing the action on the calendar in the superior court. Upon transmitting the papers on appeal, the justice or judge shall transmit to the county clerk the sum thus deposited for filing the appeal in the superior court and for placing the action on the calendar. No notice of appeal shall be filed unless the fees herein provided for are paid in accordance with the provisions of this section."

The foregoing section is new, having been added to the chapter on appeals from justice's to superior courts by the legislature of 1915 (Stats. 1915, p. 236), and went into effect the day immediately preceding that on which the notice of appeal was filed in the action with which this proceeding is concerned.

The contention of the petitioner is that the defendant in the action before the justice's court having omitted, upon attempting to take his appeal, to pay to the justice of the peace the fees contemplated by said section to be by that officer paid to the county clerk upon the transmission of the record on appeal to the latter officer, the superior court failed to acquire jurisdiction of the appeal or of the action.

Section 4300e of the Political Code provides that the fee to be paid to the justices of the peace for "certificate and transmitting transcript and papers on appeal, shall be one dollar." Section 4300a of said code provides that "the county clerk, in addition to the charges provided for in section forty-one hundred and ninety of this code on the commencement of any action or proceeding in the superior court, except probate proceedings, or on an appeal thereto, to be paid by the party commencing such action or proceeding, or taking such appeal, five dollars." The same section provides that "on placing any action, except a probate proceeding or default case, on the

calendar for trial or hearing, to be paid by the party at whose request such action or proceeding is placed, two dollars."

Section 4190 of the same code provides: "On the commencement in, or removal to, the superior court of any county in this state of any civil action, proceeding, *or appeal,* on filing the first papers therein, the party instituting such proceeding, or filing the said first papers, and thereafter any defendant or respondent or adverse party, or intervening party, on his first appearance therein . . . shall pay to the clerk of said court (in addition to fees fixed by law) the sum of one dollar as costs, for a fund which shall be designated as the 'law library fund' . . ."

It will thus be noted that the total amount which a party appealing from a justice to the superior court must pay, upon taking such appeal, is the sum of nine dollars.

The petition, as seen, alleges, and it is not only necessarily admitted by the demurrer but expressly conceded by the respondents, that the defendant in the action referred to, upon filing a notice of appeal from the justice's court to the superior court, deposited with or paid to the justice of the peace the sum of seven dollars only, or two dollars less than the amount required in such case. In other words, he failed to pay an amount sufficient to cover the fee required for placing the cause on the superior court calendar for hearing or trial.

The proposition submitted to us for solution is, as above stated, whether, under the terms of section 981 of the Code of Civil Procedure, the payment of the fees required by law to be paid to the justice of the peace at the time the notice of an appeal to the superior court from a justice's court is filed is a jurisdictional prerequisite, or, in other words, whether jurisdiction of such an appeal or action can be conferred on the superior court in the absence of the payment of such fees at the time designated by said section.

Section 981 is in language so plain and unambiguous that its meaning cannot be mistaken or misapprehended. And the language seems to be mandatory. Indeed, we can think of no reason for holding it to be otherwise. The section distinctly and positively declares that an appeal from a judgment rendered in a police or justice court in civil matters shall not be *effectual for any purpose* unless the fees referred

to therein are, at the time of filing the notice of such appeal, paid by the appealing party to the justice or judge and by him transmitted, with the papers on the appeal, to the county clerk for filing the appeal in the superior court.

We cannot perceive how language could be plainer or its meaning more manifest. Nor is it possible to conceive of language more peremptory or mandatory. When it is declared that an act authorized by law shall not be effectual for *any* purpose unless accompanied or preceded by certain prescribed formalities, it is obviously meant that such act, in the absence of observance of the formalities so required, is absolutely nugatory or of no force or effect for any purpose. Indeed, it is not the act at all contemplated or prescribed and required by the law.

That the construction thus given said section is correct, appears to be sustained by the concluding paragraph thereof, viz: "No notice of appeal shall be filed unless the fees herein provided for are paid in accordance with the provisions of this section." In other words, the very first essential for taking an appeal, and without which, under our system, no appeal could be supported, viz.: the notice thereof, would be without any force and could not be filed with the justice of the peace or police judge unless the fees provided for by said section were first paid as required thereby.

The section may be regarded, on first blush, as promulgating rather a drastic rule, but it is within the legitimate power of the legislature to prescribe the terms upon which appeals may be taken; for the right of appeal is wholly statutory and the terms upon which it may be exercised must with substantial strictness be observed. While it is true, as is said in *Rigby* v. *Superior Court,* 162 Cal. 338, [122 Pac. 958], that "the provisions conferring the right of appeal and prescribing the procedure are remedial and should not be unduly hampered with constructive restrictions which will cast doubt upon the jurisdiction of the appellate court," it is equally true that where, as here, the language of the statute conferring that right is so plain and unequivocal as that its meaning, intent, and purpose are in no particular or manner rendered obscure or doubtful, the courts will, as it is their duty to do, require a substantially strict compliance with the mode so prescribed for exercising the right.

The proposition before us is precisely the same as the case
where there is a failure to file as prescribed the undertaking
on appeal from a justice or police court to the superior court
required by section 978 of the Code of Civil Procedure. That
section provides that, unless an undertaking in a sum therein
specified is filed for the payment of the costs on appeal, the
appeal is not effectual for any purpose. This language has
repeatedly been held to be mandatory and the requirement
peremptory. (*Starr* v. *Superior Court*, 23 Cal. App. 670,
672, [139 Pac. 241]; *Tompkins* v. *Superior Court*, 24 Cal.
App. 656, [142 Pac. 96]; *Rigby* v. *Superior Court*, 162 Cal.
334, [122 Pac. 958].)

In the Tompkins case, notwithstanding that the appellant
failed to file the undertaking required by section 978, the
justice of the peace certified and transmitted the record on
appeal to the clerk of the superior court. Thereafter and
within the time for taking the appeal allowed by law, the
appellant filed another notice of appeal and also filed the
required undertaking. The court held that the appeal last
taken was effectual, but, referring to the first attempted ap-
peal, said: "Clearly, the first appeal was, and is conceded
to be, a nullity by reason of the fact that no sufficient under-
taking was filed as required by section 978 of the Code of
Civil Procedure. Hence, *the transmission of the record to
the clerk made at this time by the justice was unwarranted,
as the same is deemed to be in the office of the justice.*"
(Italics ours.) So here, the transmission by the justice of
the record on appeal to the clerk of the superior court was
without legal warrant by reason of the fact that the fees re-
ferred to in section 981 were not paid to the justice at the
time of the filing of the notice of appeal, and the papers and
record are, as a matter of law, still in the office of the justice,
or the same in legal effect as though the physical act of trans-
mitting them to the county clerk had not been performed.

Obviously, the views above expressed constitute a negative
reply to the proposition that the payment by the appealing
defendant of the calendar fee to the county clerk after the
record on appeal had been transmitted to that officer and
before the cause was placed upon the calendar is a sufficient
compliance with the mandates of section 981. As above
shown, the payment of the fees is a jurisdictional prerequisite

under said section and a failure to pay them as prescribed is a failure to perfect the appeal.

Nor does the plea set up by the respondents that neither the defendant in the action nor his attorney, at the time the appeal was attempted, knew of the existence of section 981 constitute a valid excuse for not observing the requirements of said section when filing the notice of appeal. *Ignorantia legis non excusat,* or, as this maxim is otherwise expressed, every one is conclusively presumed to know the law. And, obviously, the maxim is no less applicable in this case, where the appeal was attempted the day succeeding that upon which section 981 went into effect, than in any other case or where the law had been effective for a long period of time prior to the attempted performance of the act required to be done. It would seem unnecessary to say that that maxim becomes operative *ipso facto et eo instanti* with the operative force and effect of the law.

In accordance with the foregoing views, it is ordered that a peremptory writ of prohibition issue out of this court to the superior court of Sacramento County and the Hon. C. O. Busick, judge thereof, commanding them to desist and refrain from entertaining further proceedings in the said action, wherein the petitioner herein is the plaintiff and the said E. M. Kaster is the defendant, other than to grant the plaintiff's (petitioner here) motion to dismiss the appeal in said action.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 16, 1915.