[Civ. No. 7249. Third Dist. Mar. 18, 1946.]

JAMES A. GUNN, JR., Petitioner, v. SUPERIOR COURT OF LAKE COUNTY et al., Respondents.

James A. Gunn, Jr., in pro. per. for Petitioner.

Charles Kasch for Respondents.

ADAMS, P. J.—In a petition for a writ of mandate filed herein it is alleged that a judgment was entered against petitioner in the Justice's Court of No. 5 Township in Lake County on May 17, 1945; that petitioner then filed notice of appeal to the Superior Court of Lake County, paid $8.00 in fees to the justice of the peace, and put up $100 in cash in lieu of an appeal bond; that when the matter came up in the superior court to be set for hearing, it was contended by appellee that the said court was without jurisdiction of the appeal for the alleged reason that the amount paid to the justice of the peace as fees was insufficient; and that the appeal was thereupon dismissed. Petitioner prayed for a writ directing the said superior court to set aside its order of dismissal and to hear the appeal. We issued an alternative writ.

It appears from the record before us, which contains a written opinion by the superior court on the motion to dismiss, that it was contended by appellee, and agreed by the court, that the amount which should have been deposited with the justice of the peace as fees on the appeal was $9.00, to wit: clerk's filing fee, $6.00 (Pol. Code, § 4300a); law library fee, $1.00 (Bus. & Prof. Code, § 6321); justice's fee ''For certificate and transmitting transcript and papers on appeal,'' $1.00 and ''For issuing a transcript of the docket,'' $1.00 (Pol. Code, § 4300e).

We are of the opinion that in its computation of the amount necessary to be paid to the justice of the peace on such appeal the trial court erred. Section 977 of the Code of Civil

Procedure provides that the record on appeal from a justice's court shall include among other papers "a certified copy of the entries in the docket relating to the action." It thus appears that a transcript of the docket entries is a necessary part of the "transcript and papers on appeal," for certifying and transmitting which the justice of the peace is entitled to a fee of $1.00, and no more. He is not therefore entitled to an additional fee for issuing a transcript of the docket for such purpose.

Furthermore, even if the additional dollar for issuing the transcript on appeal should have been paid to the justice of the peace, he has made no claim for same, and if he considered that he was entitled to its payment he, nevertheless, issued the transcript and same was filed with the clerk of the superior court with the other papers on appeal; and he transmitted to the county clerk the total fees payable to that clerk, to wit, $7.00. It was stated in two early cases that a justice of the peace may waive the fees payable to him alone; and where he had sent up the record on appeal the fact that *his* fees had not been paid was held to constitute no ground for dismissing the appeal. (*Bray* v. *Redman,* 6 Cal. 287; *People* v. *Harris,* 9 Cal. 571, 573.)

Respondent relies upon section 981 of the Code of Civil Procedure, enacted subsequent to the foregoing decisions, which provides that no appeal taken from a judgment rendered in a justice's court in civil matters shall be effective for any purpose whatsoever unless the appellant shall, at the time of filing notice of appeal, pay, in addition to the *fee* payable to the justice of the peace on appeal, the fees provided by law to be paid to the county clerk; and that in transmitting the papers on appeal, the justice shall transmit to the county clerk the sum thus deposited for filing the appeal in the superior court. Also, respondent relies upon *Johnson* v. *Superior Court,* 28 Cal.App. 618 [153 P. 404], in which case it was held that an appeal from a justice's court was properly dismissed because the appellant had paid to the justice of the peace the sum of $7.00 only, while, under the statutes then in effect, he should have paid $9.00, to wit: county clerk's filing fee, $5.00, library fee, $1.00, justice's fee for certificate and transmitting papers on appeal, $1.00 and clerk's fee for placing the action on the calendar, $2.00. Only $7.00, instead of $8.00, was transmitted to the clerk of the superior court with the papers on appeal, and it was contended by

petitioner, in a proceeding to prohibit the superior court from hearing such appeal, that the appellant, in attempting to take his appeal, having omitted "to pay to the justice of the peace the fees *contemplated by said section to be by that officer paid to the county clerk* upon the transmission of the record on appeal to the latter officer, the superior court failed to acquire jurisdiction of the appeal or of the action." (Italics ours.) It was this contention of petitioner that was sustained by this court in that case, when it said, pages 621-622, regarding section 981 of the Code of Civil Procedure: "The section distinctly and positively declares that an appeal from a judgment rendered in a police or justice court in civil matters shall not be *effectual for any purpose* unless the fees referred to therein are, at the time of filing the notice of such appeal, paid by the appealing party to the justice or judge *and* [emphasis ours] by him transmitted, with the papers on the appeal, to the county clerk for filing the appeal in the superior court." That decision does not purport to overrule the decision in *Bray* v. *Redman, supra,* nor did it involve the question presented here, as to whether the failure of appellant to pay the $1.00 assumed to be due the justice of the peace for issuing a transcript of the docket, or the failure of such justice to exact same of appellant, deprived the superior court of jurisdiction to hear the appeal. ■ A reasonable construction of section 981, *supra,* is that a justice of the peace is not compelled to transmit to the superior court the record on appeal until all requisite fees, including his own, are paid to him, but that, if and when he does transmit such record, together with all the fees payable to the clerk of the superior court on such appeal, such court acquires jurisdiction, and such jurisdiction is not dependent upon the payment to the justice of the fees due him if he has seen fit to waive them or has failed to exact them. Otherwise no superior court would know, when an appeal was filed, whether it had acquired jurisdiction unless and until it had been advised, in some manner outside the appellate record itself, that all fees payable to the justice alone had been paid to him; and a justice, by failure to collect his own fees, or by deliberately waiving them or any of them, could thus deprive the appellate court of jurisdiction.

It was said in *Simmons* v. *Superior Court,* 30 Cal.App. 252, 254 [157 P. 817], that the purpose of the enactment of section 981 of the Code of Civil Procedure was "to provide for

*the payment of the clerk's fees* at the time of transmitting to the superior court the papers on appeal.'' (Italics ours.)

It is alleged by petitioner that on learning of the contention of appellee that he had not paid a sufficient amount to the justice of the peace, he tendered an additional $1.00 to that official, but that same was returned to him, the justice of the peace stating that he did not have his receipt book with him. It is stated in *Pacific States Corporation* v. *Superior Court,* 72 Cal.App. 241, 244 [236 P. 938] : ''It is a recognized principle in court practice that where a party has done all that the law requires of him in any matter which is a part of the proceedings in an action, he should not be made to suffer by reason of the neglect of an officer of the court to perform an official duty in the completion of that particular proceeding in the action. Therefore, we hold that when the Pacific States Corporation had paid into the hands of the justice all of the required fees in connection with its notice of appeal, and had given its sufficient undertaking on appeal, the appeal was thereby perfected so as to vest jurisdiction thereof in the Superior Court. This jurisdiction could not be lost by the mere failure of the justice to transmit the filing fees to the county clerk.'' Also see *Livermore Sanitarium* v. *Superior Court,* 39 Cal.App.2d 569, 571 [103 P.2d 1022].

The principle is stated in *Quint* v. *McMullen,* 103 Cal. 381, 383 [37 P. 381], that the right of appeal is remedial in its character, and in doubtful cases should always be granted. It is a matter of common knowledge that actions in justice's courts are frequently prosecuted without the aid of legal counsel, as was the action of petitioner herein; and the disposition of such cases should not be unduly hampered by technicalities.

For the reasons above stated it is ordered that the writ prayed for issue.

Peek, J., and Thompson, J., concurred.