[Civ. No. 8004. Third Dist. May 28, 1951.]

A. A. AUTRAND, Petitioner, v. THE SUPERIOR COURT OF LAKE COUNTY, Respondent.

Frederic S. Crump and Lovett K. Fraser for Petitioner.

H. G. Crawford, for Gail Lang, Real Party in Interest.

PEEK, J.—This is a petition for a writ of review of the proceedings in an unlawful detainer action begun in the Justice's Court of Number Five Township, Lake County, and from there appealed to the superior court of that county.

Originally plaintiff Autrand instituted an unlawful detainer action against defendant in the above mentioned justice's court. Thereafter a default was entered against defendant who then moved to set aside the default and the judgment which had been entered pursuant thereto. Defendant's motion was denied and within the prescribed 30-day period an appeal from that order was taken to the superior court of said county. Prior to the hearing on appeal to the superior court, plaintiff moved said court to dismiss the same on the ground of lack of jurisdiction. The matter was submitted and thereafter said court by a memorandum decision granted defendant's motion to set aside the default, denied plaintiff's motion to dismiss, and proceeded to hear the appeal on questions of both law and fact. Plaintiff, petitioner herein, now seeks to review said orders of the superior court and to have the same vacated and set aside.

The record shows that at the time of filing this notice of appeal defendant failed to pay either the required fees to the justice of the peace or those required by law to be paid to the county clerk for filing the appeal as provided in section 981 of the Code of Civil Procedure. However, the record does show that subsequent to the expiration of the 30-day period following his notice of appeal, defendant paid directly to the county clerk the $9.00 filing fee required by said section.

The portion of that section pertinent to the question now raised provides that no appeal taken from a justice's court is "effectual for any purpose whatever" unless at the time of filing the notice of appeal the fees payable to the justice of the peace and to the county clerk are paid.

While the superior court may acquire jurisdiction of the appeal if the justice of the peace, waiving the payment of his fees, transmits to the superior court the record of appeal together with all fees payable to the clerk of the superior court (*Gunn* v. *Superior Court,* 73 Cal.App.2d 564 [166 P.2d 906]), and while there is sufficient compliance with section 981, *supra,* if the fees, though not paid at the time of filing the notice of appeal are nonetheless paid within the 30-day period in which to appeal (*Simmons* v. *Superior Court,* 30 Cal.App.

252 [157 P. 817]), still, if the fees payable to the county clerk are not paid within that 30-day period, the superior court can acquire no jurisdiction of the appeal from the justice's court. (*Johnson* v. *Superior Court,* 28 Cal.App. 618, 621 [153 P. 404].)

In the Johnson case, where, in appealing from a judgment of the justice's court the appellant paid only a part of the fees made by law payable to the county clerk, this court held that payment of the fees is a "jurisdictional prerequisite" under the statute, and a failure to pay the same is a failure to perfect the appeal. Thus, in the present case, since no fees were paid to the county clerk within the time prescribed, the Superior Court of Lake County acquired no jurisdiction in the proceedings here reviewed, and its orders are therefore vacated and set aside.

In view of our conclusion on this phase of the case it becomes unnecessary to discuss the additional contentions made by petitioner.

The order of said superior court heretofore made on December 19, 1950, granting defendant's motion to open said default is annulled and set aside.

Adams, P. J., and Van Dyke, J., concurred.