[Civ. No. 9174.   Third Dist.   Dec. 13, 1956.]

FRED D. HINDS, Petitioner, v. THE SUPERIOR COURT OF TEHAMA COUNTY, Respondent; ARTHUR L. SHARP, Real Party in Interest.

William H. Phelps for Petitioner.

No appearance for Respondent.

Pugh & Webster for Real Party in Interest.

SCHOTTKY, J.—Petitioner filed in this court a petition for a writ of mandate commanding the Superior Court of Tehama County to set aside its order dismissing the appeal of petitioner in a case in which petitioner was seeking to appeal from a judgment of the justice court. We issued an alternative writ.

The factual situation, which is not in substantial dispute, is as follows:

Petitioner brought an action against Arthur L. Sharp in the Justice Court of the Red Bluff Judicial District, County of Tehama. Judgment was entered against Mr. Hinds on March 21, 1956. Notice of entry of judgment was filed on March 23, 1956. On April 21, 1956, petitioner's counsel who has his offices in Fall River Mills, in Shasta County, about 100 miles from Red Bluff, sent a letter to the judge of the justice court in which counsel requested the judge to file a notice of appeal which was enclosed. The letter also stated: ''Also enclosed please find my check for not over $15.00 to cover the costs on appeal.'' The check had not been completed. The amount had not been filled in. Someone filled in the check for

$1.00. On June 13, 1956, petitioner's counsel learned that the appeal had not been transferred to the superior court because the total costs on appeal had not been paid. These costs were then paid and the record transmitted. On August 27, 1956, a motion was made to dismiss the appeal on the ground that section 981 of the Code of Civil Procedure was not complied with. The section reads in part as follows:

"No appeal taken from a judgment rendered in a justice court in civil matters shall be effectual for any purpose whatever unless the appellant shall, at the time of filing the notice of appeal, pay in addition to the fee payable to the judge of the justice court on appeal, the fees provided by law to be paid to the county clerk for filing the appeal and for placing the action on the calendar in the superior court. . . . No notice of appeal shall be filed unless the fees herein provided for are paid in accordance with the provisions of this section."

The superior court made an order dismissing the appeal, stating in its memorandum opinion: "Inasmuch as the statutory provisions for the appeal were not complied with, the appeal must be dismissed. The appellant or his counsel are responsible for the mistakes made by those to whom they entrust a duty, and a failure to comply with the statutory provisions is fatal."

Petitioner contends that the trial court has placed a harsh and unreasonable interpretation upon section 981, an interpretation that is not only contrary to the facts in the matter but which is contrary to the spirit of the law, as expressed by this court in *Gunn* v. *Superior Court,* 73 Cal.App.2d 564, at page 568 [166 P.2d 906], to the effect that "the right of appeal is remedial in its character, and in doubtful cases should always be granted."

Real party in interest, in reply, argues that the statutory provisions for the appeal were not complied with, that petitioner could not delegate to the judge of the Red Bluff Justice Court the task of completing the filling out of the check and perfecting his appeal for him, and that the proper filling out of the check by the judge was in no sense an official duty. He contends that under the facts of the case the superior court had no alternative except to dismiss the appeal.

■■ It is of course true that in order for an appeal from a justice court to be effectual there must be a substantial compliance with the provisions of section 981, but it is also true that "the right of appeal is remedial in its character and

in doubtful cases should always be granted.'' ■ If a party fails to file his notice of appeal and to pay the fees provided by law within the statutory period he has failed to perfect his appeal and the court must dismiss it, notwithstanding the fact that he may have some meritorious excuse for his failure to file within the time. (*Autrand* v. *Superior Court*, 104 Cal.App.2d 480 [231 P.2d 546]; *Johnson* v. *Superior Court*, 28 Cal.App. 618 [153 P. 404].)

■ In the instant case the record shows that petitioner's counsel, whose office is in Fall River Mills, a considerable distance from the justice court at Red Bluff, mailed his notice of appeal, together with a check payable to Red Bluff Judicial District, with the amount left blank but stating that it was for not over $15, which was more than the amount of the filing fee. The letter in which the notice of appeal and check were enclosed stated: ''Also enclosed please find my check for not over $15.00 to cover the costs on appeal.'' It is conceded that the notice of appeal and the check were received by the judge within the statutory period. All that the judge had to do was to fill in the correct amount of $10, but instead he filled in the amount of $1.00 which, of course, was not the correct amount. We do not believe that it is reasonable. to hold that a party should be deprived of his appeal when his counsel, a member of the State Bar of California, in good standing, sends a check as was done in this case and the judge fails to fill in the correct amount, but fills it in for one dollar. We do not believe that either reason or authority can justify the failure of the judge to fill in the correct amount and thus perfect the appeal. ■ What was said in *Pacific States Corp.* v. *Superior Court*, 72 Cal.App. 241, at page 244 [236 P. 938], is quite applicable here:

''. . . It is a recognized principle in court practice that where a party has done all that the law requires of him in any matter which is a part of the proceedings in an action, he should not be made to suffer by reason of the neglect of an officer of the court to perform an official duty in the completion of that particular proceeding in the action. Therefore, we hold that when the Pacific States Corporation had paid into the hands of the justice all of the. required fees in connection with its notice of appeal, and had given its sufficient undertaking on appeal, the appeal was thereby perfected so as to vest jurisdiction thereof in the Superior Court. This jurisdiction could not be lost by the mere failure of the justice to transmit the filing fees to the county clerk.''

We conclude that the superior court erred in granting the motion to dismiss the appeal and that a writ of mandate should issue commanding the court to deny the motion to dismiss the appeal.

Let the writ issue.

Van Dyke, P. J., and Peek, J., concurred.