[L. A. No. 25070.   In Bank.   Oct. 24, 1958.]

STANSBURY, INCORPORATED (a Corporation), Petitioner, v. SUPERIOR COURT OF SAN BERNARDINO COUNTY, Respondent; JOHN W. GOLDEN, Real Party in Interest.

Ball, Hunt & Hart and Donald B. Caffray for Petitioner.

Alber E. Weller, County Counsel, and J. B. Lawrence, Deputy County Counsel for Respondent.

T. L. DeBord for Real Party in Interest.

GIBSON, C. J.—The sole question raised in this proceeding is whether an appeal from a justice court to the superior court was subject to dismissal for failure to pay the required fees in the manner and within the time prescribed by law.

Petitioner was the defendant in a justice court action in which judgment was awarded in favor of the plaintiff, who is the real party in interest in this proceeding. No notice of rendition of judgment was served or filed, but on October 11, 1956, defendant filed a notice of appeal to the superior court. On November 5, defendant received a letter from the clerk of the justice court which, after reciting that the papers in the case were ready to be sent to the county clerk, stated, "I am waiting for the $9.00 filing fee that has to go with the papers, if you will send a cashiers check made out to the Clerk of the Superior Court, I will send it with the balance of the papers and not send it thru the trust fund." Pursuant to this request, defendant sent a cashier's check for $9.00 payable to the clerk of the superior court. This check was received by the justice court clerk on November 7 and thereafter forwarded to the superior court.

On November 16, defendant received a letter in which the clerk of the justice court stated that she had been informed by the county auditor that the superior court could not accept the filing fee direct from defendant's attorney and that it would have to be sent through the justice court and deposited in a trust fund and then be transferred to the superior court. The letter further stated that the justice court clerk should

have charged a transfer fee of $1.00 and that if defendant would mail a money order for $10 the clerk would keep $1.00 for the justice court transfer fee and send the balance to the superior court clerk. Defendant immediately complied with these instructions by forwarding a money order in the amount of $10 payable to the justice court clerk.[1]

On motion of plaintiff the superior court dismissed the appeal, and defendant commenced this proceeding in mandamus to compel the superior court to entertain the appeal.

Section 981 of the Code of Civil Procedure provides that no such appeal shall be effectual for any purpose unless the appellant, at the time of filing the notice of appeal, pays the fee payable to the judge of the justice court and the fees provided to be paid to the county clerk, and that no notice of appeal shall be filed unless such fees are paid in accordance with the provisions of this section.[2]

█ Under section 974 of the Code of Civil Procedure an appeal in a civil action in a justice court may be taken at any time within 30 days after notice of rendition of judgment.[3] Where, as here, no notice of rendition of judgment is given, it has been held that the giving of notice of appeal is a waiver of and equivalent to notice of rendition of the judgment, that it starts the 30-day period running, and that the appellant has 30 days thereafter in which to perfect his appeal and pay the required fees. (*Simmons* v. *Superior Court*, 30 Cal.App. 252, 254 [157 P. 817]; see *Autrand* v. *Superior Court*, 104 Cal.App.2d 480, 481 [231 P.2d 546].)

---

[1] At the time the appeal was taken the superior court was entitled to $9.00, consisting of a filing fee of $8.00 (Gov. Code, § 26824) and a law library fee of $1.00 (Bus. & Prof. Code, § 6321), and the justice court was entitled to a transfer fee of $1.00 (Gov. Code, § 71667).

[2] Section 981 of the Code of Civil Procedure provides: "No appeal taken from a judgment rendered in a justice court in civil matters shall be effectual for any purpose whatever unless the appellant shall, at the time of filing the notice of appeal, pay in addition to the fee payable to the judge of the justice court on appeal, the fees provided by law to be paid to the county clerk for filing the appeal and for placing the action on the calendar in the superior court. Upon transmitting the papers on appeal, the judge shall transmit to the county clerk the sum thus deposited for filing the appeal in the superior court and for placing the action on the calendar. No notice of appeal shall be filed unless the fees herein provided for are paid in accordance with the provisions of this section."

[3] Section 974 of the Code of Civil Procedure provides in part: "Any party dissatisfied with the judgment rendered in a civil action in a justice court, may appeal therefrom to the superior court of the county, at any time within 30 days after notice of the rendition of the judgment. The appeal is taken by filing a notice of appeal with the judge of the justice court, and serving a copy on the adverse party. . . ."

It is not disputed that the $9.00 check was received by the justice court clerk and sent to the superior court clerk within the 30-day period, but it is claimed that the payment was not effective because the check was drawn to the order of the superior court clerk instead of the justice court clerk. ▮ Section 981 of the Code of Civil Procedure, which relates specifically to appeals from the justice court to the superior court, does not require that such a check be made payable to the justice court, but provides that, upon transmitting the papers on appeal, the judge of the justice court shall transmit to the superior court clerk the sum "deposited for filing the appeal in the superior court." (See *supra*, footnote 2.) ▮ The county auditor, in advising the justice court clerk that the superior court could not accept payment of the fees on appeal direct from defendant's attorney, was apparently relying on section 24353 of the Government Code which provides in part: "Each officer of a county or judicial district authorized to collect money shall pay into the county treasury at the time required by law, but in any event on or before the fifth day of each month, all money collected by him . . . that is payable into the treasury and file with the county auditor . . . a cash statement . . . of all money handled by him . . . during the preceding month. . . ." Although this section sets forth the manner in which the internal accounting of funds should be made by the various officers of a county or judicial district, an officer's failure to comply with those directions should not deprive a party of his right to appeal, particularly where, as here, the party has followed the instructions of the justice court clerk and there has been a substantial compliance with section 981 in respect to the payment of the fees on appeal.

Plaintiff also claims that payment of the fees was not timely because of defendant's failure to pay the $1.00 transfer fee to the justice court within the 30-day period. As we have seen, the justice court clerk did not demand this $1.00 fee originally, and, as a consequence, the payment was not made until after the 30 days had passed. ▮ A civil appeal from a justice court is not subject to dismissal for failure of the judge to exact payment of the fee payable to the justice court. (*Gunn* v. *Superior Court*, 73 Cal.App.2d 564, 566-567 [166 P.2d 906]; see *Autrand* v. *Superior Court*, 104 Cal.App.2d 480, 481 [231 P.2d 546].) In the Gunn case it was held that a reasonable construction of section 981 is that a judge of the justice court is not compelled to transmit to

the superior court the record on appeal until all requisite fees are paid to him, but that if he transmits the record, together with all the fees payable to the clerk of the superior court on such appeal, that court acquires jurisdiction even though the judge may have failed to exact the fees payable to his court. (73 Cal.App.2d at p. 567.) ■ In the present case, timely payment of the $1.00 transfer fee was waived by failure to demand it.

Let a peremptory writ of mandate issue directing the superior court to entertain the appeal.

Shenk, J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.