[Civ. No. 26757.   Second Dist., Div. Three.   Nov. 23, 1962.]

CECIL E. CARMACK, Petitioner, v. THE SUPERIOR
COURT OF SANTA BARBARA COUNTY, Respondent.

Floyd R. Brown for Petitioner.

Robertson & Westwick and Richard W. Robertson for Respondent.

FORD, J.—The petitioner seeks a writ of mandate to compel the superior court to hear an appeal from a judgment of the small claims court of Santa Barbara Judicial District.[1] On April 2, 1962, judgment was entered in the small claims court in favor of Emilio Ordas and against the petitioner for $60, together with costs in the amount of $3.35. On

---

[1]Section 117j of the Code of Civil Procedure is in part as follows: "The judgment of said [small claims] court shall be conclusive upon the plaintiff. If the defendant is dissatisfied, he may, within 30 days after the date of entry of the judgment, appeal to the superior court of the county in which said court is held. . . ."

April 30, 1962, the petitioner filed in the small claims court a statement on appeal bearing that date. The statement was substantially in the form set forth in section 117k of the Code of Civil Procedure. That document was accompanied by a bond on appeal as required by section 117*l* of the code. The bond was dated April 30, 1962. A third paper filed was a declaration of the petitioner as to the proceedings which took place in the small claims court on April 2, 1962. On May 1, 1962, the plaintiff in the action, Emilio Ordas, was personally served with a copy of each of the three documents by the Sheriff of Santa Barbara County.

The matter was set for hearing in the superior court. (See Code Civ. Proc., § 117n.) On July 31, 1962, the date designated by the clerk of the superior court, the petitioner and the plaintiff, Emilio Ordas, appeared with counsel. The motion of the plaintiff that the appeal be dismissed on the ground that petitioner had not given notice to the plaintiff of the filing of the appeal as required by section 117*l* of the Code of Civil Procedure, and hence the court lacked jurisdiction to hear the matter, was granted.[2]

It is obvious that the only reasonable inference which the plaintiff could have drawn from the act of service upon him of a copy of each of the three documents was that petitioner had appealed from the judgment rendered against him in the small claims court. The statement required by section 117k is in essence a notice of appeal and is so designated in subdivision 8 of section 117e (relating to the notation thereof to be entered by the clerk in the register of actions). In the present case that statement and the appeal bond were dated April 30, 1962. The services of copies thereof was made upon the plaintiff by the sheriff on the next day. The documents contained information sufficient to advise the plaintiff that an appeal had

---

[2]Section 117*l* of the Code of Civil Procedure is in part as follows: "Notice of the filing of the appeal and notice of the filing of the undertaking on appeal must be given to respondent within five days after filing the same. Within five days after the service of such notices upon respondent the adverse party may except to the sufficiency of the sureties, . . ."

In Deering's Code of Civil Procedure Annotated, a notice in the following form is suggested:

"To_____:

    You will please take notice that on_____,
_____[*party*] filed his appeal with_____
[*the proper Superior Court*] [*sic*] from the judgment heretofore rendered in the above-entitled cause, and that his_____[bond *or* deposit] was filed therein on the same date.

    Dated:_____

                                [*Signature*]"

been taken and an appeal bond filed and were adequate to guide him as to his further action with respect to the litigation. There was sufficient compliance by petitioner with section 117*l* of the Code of Civil Procedure. (See *Hinds* v. *Superior Court*, 146 Cal.App.2d 758, 760 [304 P.2d 778].) It was the duty of the superior court to proceed with the hearing of the matter and to determine it on its merits. Consequently, the petitioner should have the writ which he seeks. (*Stewart* v. *Superior Court*, 29 Cal.2d 63, 66 [172 P.2d 683].)

Let the peremptory writ issue as prayed.

Shinn, P. J., and Files, J., concurred.