[S. F. No. 21974.   In Bank.   June 28, 1965.]

VIRGINIA SLAWINSKI et al., Plaintiffs and Appellants, v. ROBERT MOCETTINI et al., Defendants and Respondents.

Bergen Van Brunt and Hudson, Martin, Ferrante & Street for Plaintiffs and Appellants.

Lacey, Holbrook & Meyenberg and Werner D. Meyenberg for Defendants and Respondents.

PEEK, J.—Defendants move to dismiss plaintiffs' appeal on the ground that it was not timely filed.

A jury trial in this wrongful death action resulted in a verdict in favor of plaintiffs for $169,000. An order granting a motion for new trial was affirmed on appeal (*Slawinski* v. *Mocettini*, 217 Cal.App.2d 192 [31 Cal.Rptr. 613]), and on retrial the court granted a nonsuit. Judgment was entered on May 21, 1964, and notice of the entry of judgment was served the following day.

Plaintiffs' motion for a new trial was heard on July 10. The clerk's minutes for that day state that after argument by counsel the motion was ordered denied.

On July 13 a formal order was prepared by counsel for defendants and signed by the judge which order recites that it was entered on that same day. A copy of such order was served on plaintiffs' counsel together with a notice of denial of plaintiffs' motion. The notice also recites that the order of denial was made and entered on July 13. Plaintiffs' notice of appeal was filed on August 12, 1964. This was 83 days after the entry of judgment, 33 days after the entry of the order in the clerk's minutes, and 30 days after the judge signed the formal order.

Rule 2 of the California Rules of Court provides, in part: ''(a) Except as otherwise specifically provided by law, notice of appeal shall be filed within 60 days from the date of entry of the judgment, unless the time is extended as provided in rule 3.''

Rule 3 of the California Rules of Court provides, in part: ''(a) When a valid notice of intention to move for a new trial is served and filed by any party, (1) if the motion is denied the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after . . . *entry* of the order denying the motion. . . .'' (Italics added.)

The question thus presented is whether for purposes of appeal in the instant circumstances the order denying the motion was entered on July 10 or July 13. Aside from the obvious question as to what constitutes the ''entry'' for our purposes, the issue is further compounded by the conflict of

record between the entry in the clerk's minutes on July 10 and the order and notice thereof, both of which recite the motion to have been denied and the order thereof entered on July 13.

We are aware of the general statement of the rule that "The effective date of an order denying a motion for a new trial is the date of the minute entry." (*Pacific Home* v. *County of Los Angeles,* 41 Cal.2d 855, 857 [264 P.2d 544]; see also *Millsap* v. *Hooper,* 34 Cal.2d 192 [208 P.2d 982]; *Jablon* v. *Henneberger,* 33 Cal.2d 773 [205 P.2d 1]; cf. *Lee* v. *Cranford,* 107 Cal.App.2d 677, 680-681 [237 P.2d 986].) But in order to give relief to plaintiffs we are not necessarily called upon to determine whether we should depart from the foregoing rule, if applicable herein. We are urged instead to deem, for purposes of appeal, the entry to have been made on the 13th rather than the 10th of July, in accordance with the notice of entry as given by defendants who now complain of plaintiffs' reliance on that notice.

█ It is a well established policy that, since the right of appeal is remedial in character, our law favors hearings on the merits when such can be accomplished without doing violence to applicable rules. Accordingly in doubtful cases the right of appeal should be granted. (*Koehn* v. *State Board of Equalization,* 50 Cal.2d 432, 435 [326 P.2d 502]; *Marshallan Mfg. Co.* v. *Brack,* 172 Cal.App.2d 22, 23 [342 P.2d 26]; *Brown* v. *Guy,* 167 Cal.App.2d 211, 215 [334 P.2d 67]; *Haskins* v. *Crumley,* 152 Cal.App.2d 64, 65-66 [312 P.2d 276]; *Hinds* v. *Superior Court,* 146 Cal.App.2d 758, 760 [304 P.2d 778].)

█ In the instant case there are no statutory provisions or rules which would prevent resolving the conflict in accordance with the policy above stated, while a contrary result might well provide a trap for the unwary. (Cf. *Dempscy* v. *Market Street Ry. Co.,* 23 Cal.2d 110, 116 [142 P.2d 929].) Plaintiffs apparently relied upon the written order of the judge and the notice prepared and sent by defense counsel, and no circumstances are shown which should have indicated to them that these instruments might be defective. █ Moreover, an attorney should be entitled to accept such documents at face value where they appear to be proper and consistent with the proceedings. In the absence of any statute, rule, or other circumstance it is not required that he search the permanent minutes of the court to check for an earlier minute entry, and certainly he could not reasonably be expected to do so,

To hold that the 30-day period within which to file an appeal commenced to run on the entry of the instant minute order would only promote injustice.

In the analogous situation of a criminal appeal, rule 31(a) of the California Rules of Court as amended in 1961 gives reviewing courts power to relieve a defendant from a failure to file a timely notice of appeal, but even before the amendment it was held that where the defendant was lulled into a false sense of security by those acting in behalf of the state, the opposing party in such litigation, a motion to dismiss the appeal for failure to timely file should be denied. (*People* v. *Martin,* 60 Cal.2d 615, 617 et seq. [35 Cal.Rptr. 769, 387 P.2d 585]; *People* v. *Head,* 45 Cal.2d 886, 889 [299 P.2d 872]; *People* v. *Slobodion,* 30 Cal.2d 362, 365 [181 P.2d 868]; *People* v. *Calloway,* 127 Cal.App.2d 504, 506-507 [274 P.2d 497].)

Defendants also rely upon section 660 of the Code of Civil Procedure, as amended in 1959, which provides in part that a motion for a new trial is not determined ''within the meaning of this section'' until the order is entered in the permanent minutes of the court or is signed by the judge and filed with the clerk and that the ''entry of a new trial order in the permanent minutes of the court shall constitute a determination of the motion even though such minute order as entered expressly directs that a written order be prepared, signed and filed.''

The Law Revision Commission, which proposed the 1959 amendment substantially in the form enacted, expressly stated that this provision was not intended to govern the time for taking an appeal from an order on a motion for a new trial. The commission pointed out in this connection that, where there are both a minute order and subsequently a formal order on a motion for a new trial, it is desirable to have as early an event in the decision process as possible constitute the determination of the motion so that a court which purported to *grant* a motion would not find that the motion was denied by operation of law when the formal order was not prepared and filed within the required 60-day period for determination of the motion, as provided in section 660. The commission expressly recognized that different policies are applicable in ascertaining the effective date of the determination of the motion for purposes of computing the time for appeal. (Cal. Law Revision Com., Recommendation and Study Relating to the Effective Date of an Order Ruling on a Motion for New

Trial (February 1, 1957) K-5, 6.) ■ Accordingly, section 660, while fixing the date of the "determination" of a motion for a new trial for a particular purpose, is of no assistance in fixing the date of entry of the order for purposes of appeal therefrom.

■ For the foregoing reasons, plaintiffs were entitled to rely upon the copy of the written order and notice served upon their attorney, and the statutory time should be deemed to run from the noticed date of entry.

The motion to dismiss the appeal is denied.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Burke, J., concurred.

Respondents' petition for a rehearing was denied July 28, 1965. Bray, J. pro tem.,* did not participate therein.

---

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.