Filed 11/25/20  In re N.T. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re N.T., a Minor. | |
| | D077580 |
| TANYA B., | |
| Petitioner and Appellant, | (San Diego County Super. Ct. No. A63298) |
| v. | |
| STEVEN T. | |
| Objector and Respondent. | |

APPEAL from order of the Superior Court of San Diego County, Marian F. Gaston, Judge.  Dismissed.

Marcus Family Law Center, PLC, Ethan Marcus, Moriel Cohen, and Erin K. Tomlinson, for Petitioner and Appellant.

Steven T. in pro. per., for Objector and Respondent.

Tanya B. (Mother) appeals from an order dismissing her petition under Family Code section 7822 to free her minor son, N.T., from the parental

custody or control of his father, Steven T. (Father).[1]  We requested supplemental briefing regarding the timeliness of the appeal.  Mother concedes her notice of appeal was filed after the deadline, but contends we should deem it timely.  Father argues for dismissal.  We conclude the appeal is untimely and we lack jurisdiction to consider it.  The appeal is dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

Mother and Father were married in 2004, and had N.T. in 2013. Mother filed for divorce in 2015, which proceeded in the family court division of San Diego County Superior Court and resulted in a status-only dissolution judgment in December 2016.[2]  Pertinent here, following proceedings in June and August 2016, the family court granted joint legal custody, allowed Mother to move to Michigan with N.T., and gave Father visitation.  He was out of contact with N.T. from December 2016 through April 2018, and spent much of this time in immigration detention.  Father then sought ex parte relief to see N.T., and litigation on issues including custody, visitation, child support, and reunification therapy followed.  Mother received sole legal custody.

In July 2019, Mother filed a petition in the juvenile court division to free N.T. from Father's parental custody and control under section 7822, and the family court case was stayed.[3]  At the March 6, 2020 hearing on the

_____

[1]     Undesignated statutory references are to the Family Code.

[2]     All subsequent superior court references are to the San Diego County Superior Court.

[3]     Section 7822 applies when a parent leaves a child for the statutory period without support or communication, and with intent to abandon the child.  (See *Adoption of Allison C.* (2008) 164 Cal.App.4th 1004, 1009-1010.) These proceedings usually occur in the context of an adoption, but it is not a prerequisite.  (See *In re Marcel N.* (1991) 235 Cal.App.3d 1007, 1013.)

petition, the juvenile court began by describing the record. The court noted the family court's move-away findings, which indicated N.T. had a good relationship with Father, and Father's efforts to pursue contact and reunification in 2018 and 2019. After argument by counsel, the court observed that, even if it reached the merits, it was "incomprehensible . . . that [it] would find that [Father] intended to abandon [N.T.]; and that legally severing his relationship with his child after five years of litigation during which he continually sought contact would be in [N.T.'s] best interests." The court then found N.T.'s "best interests have been at the heart of previous litigation over the course of years," dismissed the petition on res judicata and collateral estoppel grounds, and said it believed laches applied too. The court reiterated that if it reached the merits, it would still find it was in N.T's best interests to have a parent in his life with the rights and obligations of a father.

On March 18, 2020, the superior court issued a general order in response to the COVID-19 pandemic, pursuant to statutory authority and Judicial Council orders, which deemed March 17, 2020 through April 3, 2020 to be holidays for computing filing times and statutory deadlines. (General Order No. 031820-34.)[4] The superior court later extended the holiday period through May 22, 2020. (General Order Nos. 040320-39, 043020-47.) Meanwhile, by the authority of Judicial Council emergency orders entered pursuant to California Rules of Court, rule 8.66(a), additional orders were entered by the Fourth Appellate District. (Implementation Order for

_____

[4] On our own motion, we take judicial notice of the orders and news release relating to COVID-19 discussed herein. They are available at http://www.sdcourt.ca.gov/portal/page?_pageid=55,2053814&_dad=portal (as of Nov. 24, 2020).

3

Emergency Order on Mar. 20, and Renewed Implementation Order on Apr. 15, 2020.)[5]  Each order extended the time for required actions under the California Rules of Court by 30 days, for deadlines that fell within the time periods March 19, 2020 to April 18, 2020, and April 19, 2020 to May 18, 2020 respectively.

On May 22, 2020, the superior court entered a general order stating the court would resume most services on May 26, 2020.  (General Order No. 052220-54.)  A news release issued the same day said "in-person services at the courthouses will continue to be limited" and [i]n-person filings will only be accepted as drop offs . . . ."

A proof of service in the record on appeal reflects Mother's counsel placed the notice of appeal in the mail on June 3, 2020.  The notice of appeal was filed on June 9, 2020.  After the respondent's brief was filed, this court became aware of a potential timeliness issue and requested letter briefs from the parties.  Both parties filed briefs.

DISCUSSION

A.     *Applicable Law*

"[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction." (*Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 670 (*Hollister*).)  "In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal [citation], even to relieve against mistake, inadvertence, accident, or misfortune." (*Estate of Hanley* (1943) 23 Cal.2d 120, 123.)  As we have no jurisdiction to review an untimely appeal, we must dismiss it.  (See *Van Beurden Ins.*

---

5      Further rule references are to the California Rules of Court.

4

*Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56; *In re Gary R.* (1976) 56 Cal.App.3d 850, 852-853 [accord.)

Rule 8.400 states "[t]he rules in this chapter [i.e. for juvenile appeals and writs] govern:  [¶]  (1)  Appeals from judgments or appealable orders in: . . . . (B)  Actions to free a child from parental custody and control under Family Code section 7800 et seq. . . ."  Rule 8.406(a) provides, in pertinent part, that "a notice of appeal must be filed within 60 days after the rendition of the judgment or the making of the order being appealed."  (Rule 8.406(a)(1).)  Rule 8.406(c) further provides:  "Except as provided in rule 8.66, no court may extend the time to file a notice of appeal.  The superior court clerk must mark a late notice of appeal 'Received [date] but not filed,' notify the party that the notice was not filed because it was late, and send a copy of the marked notice of appeal to the district appellate project."  Finally Rule 8.66 states in relevant part that, if necessary due to a public health crisis, the Chair of the Judicial Council may authorize courts to toll appellate rules for up to 30 days and may renew such orders.  (Rule 8.66(a)(2), (c).)

### B.  *Analysis*

The 60-day period to appeal began to run on March 6, 2020, the date the juvenile court made its order dismissing Mother's petition.  (Rule 8.406(a)(1).)  Absent the COVID-19 pandemic and related orders, the notice of appeal would have been due by May 5, 2020.  Under the superior court general orders discussed above, that date was a holiday, extending the time for performance to the next day the court was open, or May 26, 2020.  (See Code Civ. Proc. § 12a [if last day is a holiday, period is "extended to and including the next day that is not a holiday"].)  However, because the May 5, 2020 date also fell within the time period of April 19, 2020 to May 18, 2020, the Fourth Appellate District's implementation orders extended Mother's

5

deadline by 30 days. Thus, Mother's notice of appeal was due by June 4, 2020, and her notice, filed on June 9, 2020, was untimely. (See *Rowan v. Kirkpatrick* (2020) 54 Cal.App.5th 289, 294-295 (*Rowan*) [addressing orders issued for COVID-19 pandemic, in dismissing an appeal as untimely].)

Mother does not dispute her notice of appeal was due by June 4, 2020, and filed later. Rather, she contends we should deem it timely filed, because the law favors hearings on the merits and she was essentially prevented from complying with the rules. We are not persuaded.

First, Mother argues the law prefers hearings on the merits and untimeliness can be relieved by proof of estoppel, citing *Slawinski v. Mocettini* (1965) 63 Cal.2d 70 (*Slawinski*) and *In Re Morrow* (1970) 9 Cal.App.3d 39 (*Morrow*). We disagree with this characterization of the law. It is true *Slawinski* recognized the policy of hearing appeals on the merits in doubtful cases, and may have been read broadly to support an estoppel theory—as in *Morrow*. (See *Slawinski, supra*, at p. 71 [denying motion to dismiss where appellants relied on date of written order, rather than minute order; "law favors hearings on the merits when such can be accomplished without doing violence to applicable rules" and "in doubtful cases the right of appeal should be granted"]; *Morrow, supra*, at pp. 43-46 [stating *Slawinski* is "generally viewed" as recognizing a late notice of appeal "may be relieved by proof of estoppel," and rejecting respondents' timeliness argument based on allegedly invalid new trial proceedings, where they did not object until their reply brief on appeal].)

However, the California Supreme Court subsequently confirmed in *Hollister* that a timely notice of appeal is an "absolute prerequisite" for appellate jurisdiction. (*Hollister, supra*, 15 Cal.3d at p. 670.) Addressing *Slawinski*, the Court explained its "actual holding" was that if there is a

"clear conflict" between the court minutes and a formal order as to the date of denial of a new trial motion, the conflict is resolved in favor of appeal. (*Hollister, supra,* at p. 665.) The Court acknowledged *Slawinski* "might be interpreted . . . to reflect . . . a more lenient standard under which compelling excuse, such as fraud, mistake, disability, or estoppel would . . . forgive noncompliance," but stated its "broad language . . . is to be distinguished from its narrow holding." (*Hollister, supra,* at pp. 668, 674 [disagreeing with language suggesting "estoppel has any place" in determining timeliness].) As for *Morrow*, the Court stated it "reache[d] an improper result and is wrongly decided. (*Hollister, supra,* at p. 674) Finally, the Court did leave undisturbed the policy of hearing doubtful cases on the merits, consistent with applicable rules (*ibid*.), but as discussed next, Mother does not establish this was a doubtful case.[6]

Second, Mother contends she substantively complied with the court rules, and was "essentially estopped" from meeting the deadline by the superior court's backlog. She states the notice of appeal was prepared on June 3, 2020, "[d]ue to COVID-19 precautions, [it] was filed via mail from

---

[6] Other cases Mother cites predate *Hollister* and were addressed therein. (See *Mills v. Superior Court* (1969) 2 Cal.App.3d 214, *Desherow v. Rhodes* (1969) 1 Cal.App.3d 733, and *Gomes v. Superior Court* (1969) 272 Cal.App.2d 702; *Hollister*, *supra*, 15 Cal.3d at pp. 670-674 [noting the cases referenced *Slawinski*, but were still consistent with its present analysis or inapposite].) Mother also summarily requests we find her notice "constructively filed" by the deadline, but does not establish that doctrine applies here. (See *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 110, 113 [extending prison-delivery rule for constructively timely mail filing by inmates, to pro. per. civil appeals]; Rule 8.25(b)(3) [mail filings by inmates]; compare *In re Z.S.* (2015) 235 Cal.App.4th 754, 769 [" '[n]umerous cases have held that constructive filing, which can be applied in criminal cases, does not apply in termination of parental rights proceedings' "].)

7

counsel's office located in San Diego, CA," and the "estimated" and "expected" delivery time was one day, "putting in within the filing deadline." She further states it is unclear why the notice of appeal "was not processed . . . until June 9, 2020," speculating it was "most likely because of the incredible backlog the [court] was facing in light of the suspended court operations . . . resulting in thousands of cases being delayed."

As discussed *ante*, estoppel does not excuse an untimely appeal. Even if it did, Mother's explanation falls short. She does not explain how dropping off the notice of appeal at superior court, rather than mailing it on June 3, would have implicated COVID-19 concerns, nor does she establish was prevented from mailing the notice of appeal sooner once the court reopened on May 26. She also cites no evidence to support her assertions about the estimated one-day mail delivery time. And, to the extent she is suggesting the court received her notice prior to June 9, but delayed in processing it, she cites no evidence for this either. (See *Estate of Crabtree* (1992) 4 Cal.App.4th 1119, 1125 [Evid. Code § 664 presumption that " 'official duty has been regularly performed' . . . applies to the duties of clerks of court"; "we must presume, in the absence of affirmative evidence to the contrary, that the clerk performed his duty and endorsed the notice of appeal with the date it was in fact presented to him for filing"].)

Mother relatedly notes *Rowan* acknowledged the "unprecedented nature" of COVID-19 and the "possibility that [some] litigants may have been denied the right to appeal through no fault of their own." (See *Rowan*, *supra*, 54 Cal.App.5th at p. 297.) She contends that while the appellant in *Rowan* did not contend she was prevented from timely filing, she does. But Mother, as noted above, does not establish she was prevented from filing a timely notice of appeal. We do not dismiss the concerns noted in *Rowan*, but the

8

Court of Appeal expressly stated it was "leav[ing] those concerns for another day (*ibid*.), and on this record, so do we.

Finally, we address Mother's observation that we raised timeliness after briefing and record preparation. It is preferable to identify such issues early and the superior court typically reviews juvenile appeals for timeliness under Rule 8.406(c); it is unclear why that did not happen here. But jurisdiction can be raised at any time, we became aware of the issue after Father filed his respondent's brief (and requested party input before Mother filed her reply brief), and we have a duty to consider it. (See *Ponce-Bran v. Trustees of Cal. State University* (1996) 48 Cal.App.4th 1656, 1660, fn. 2 [appellate jurisdiction not subject to waiver, and "may be raised at any time"]; cf. *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126–127 [court has duty to raise appealability "on its own initiative" whenever doubt exists].) Having concluded the appeal is untimely and we lack jurisdiction, we are compelled to dismiss it.

## DISPOSITION

The appeal is dismissed.

HALLER, J.

WE CONCUR:


HUFFMAN, Acting P. J.


IRION, J.