Filed 11/26/14  Brown v. Anderson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MARLENE BROWN, | |
| Plaintiff and Respondent, | E058508 |
| v. | (Super.Ct.No. CIVRS1111098) |
| JOHN ANDERSON, | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Keith D. Davis, Judge.  Affirmed.

Ritchie, Klinkert & McCallion, James E. Klinkert and Paul J. Gutierrez for Defendant and Appellant.

Prenovost, Normandin, Bergh & Dawe, Tom R. Normandin and Nichole M. Wong for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant and appellant, John Anderson (Anderson), appeals from the trial court's order denying his motion to set aside default and default judgment entered in favor of plaintiff and respondent, Marlene Brown (Brown).  Anderson contends:  (1) the default judgment was entered as a result of mistake, inadvertence, surprise, or excusable neglect and the trial court abused its discretion by denying his motion to set aside the default judgment under Code of Civil Procedure section 473, subdivision (b);[1] (2) the service of the summons did not result in actual notice to Anderson and the trial court abused its discretion by denying his motion to set aside the default judgment under section 473.5; (3) the default judgment was void for Brown's failure to serve a statement of damages as required by sections 425.11 and 425.115; (4) the amended default judgment improperly authorizes self-help, granting Brown the power to act outside the law; and (5) the amended default judgment is fatally vague.  We reject these arguments and affirm the court's order.

# II. STATEMENT OF FACTS

Brown and Anderson are tenants in common of certain commercial real property located in Upland (the Property).  Anderson has allegedly occupied and used a portion of the Property to stockpile tractor trailers, vehicles, mechanical equipment, oils, chemicals, and rubbish.  According to Brown, such use violates certain provisions of the Upland

---

**1** All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

Municipal Code and constitutes a nuisance.  In February 2008, Brown received a notice of the code violations from the Upland Police Department.

On November 22, 2011, Brown's attorney, Nichole M. Wong, sent Anderson a letter informing him that his storage of vehicles, equipment, oils, chemicals, and rubbish on the Property constituted a nuisance, and that the City of Upland had demanded that the items be cleared.  Wong also demanded that Anderson remove all illegally stored items from the Property.  She further stated that a lawsuit would be filed if there was no response to her letter within 30 days.  The letter was addressed to Anderson at the Property and sent certified mail, return receipt requested.  Anderson signed the undated receipt.

Brown filed a verified complaint commencing the underlying action on December 29, 2011.  The complaint includes a single cause of action described as "Damages Preliminary and Permanent Injunction (Nuisance)."  Brown alleged she and Anderson were tenants in common of the Property, Anderson's unlawful use of the Property, the City of Upland's notice of code violations, her demand that Anderson abate the nuisance he had caused on the Property, and Anderson's refusal to do so.  Brown's prayer for relief included:  (1) "a preliminary and a permanent injunction enjoining Anderson . . . from maintaining any items on the premises"; (2) general damages; (3) punitive damages; (4) attorney fees and costs of suit; and (5) "such other and further relief as the Court may deem proper."

3

On January 12, 2012, Attorney James E. Klinkert sent a letter to Wong stating that he represented Anderson and had received Wong's November 22 letter. Klinkert stated that Anderson "undertook clean-up activities at his own expense" in response to an earlier notice of violation in 2008 and that there were no code enforcement actions pending. Klinkert further stated that Anderson had requested that further communications be sent to Klinkert.

Wong contacted Klinkert to discuss the matter and asked if he would accept service of the complaint on behalf of Anderson. Klinkert refused, but asked Wong to e-mail a copy of the complaint to him.

On March 20, 2012, Wong sent Klinkert an e-mail attaching the summons and complaint, and asking if he would accept service on Anderson's behalf by notice and acknowledgment. Klinkert did not respond.

Between February 28, 2012 and April 13, 2012, a process server made 17 unsuccessful attempts to personally serve the summons and complaint on Anderson at the Property. The efforts included a three-hour stakeout at the Property on April 7, 2012, and a two-hour stakeout on April 13, 2012. A skip tracer conducted an investigation to locate another address for Anderson. The skip tracer concluded that Anderson's only address was the address for the Property.

Brown applied for an order permitting service by publication. The court granted the application on May 24, 2012. Service on Anderson by publication was completed on July 4, 2012. Anderson did not file a response to the complaint.

4

On August 20, 2012, the trial court granted Brown's request to enter Anderson's default.

A default prove-up hearing was held on January 11, 2013. Following the hearing, judgment was entered in favor of Brown and against Anderson. The judgment provided that Anderson was "required to remove all items of any kind including but not limited to: trailers, vehicles, scrap metal, building material, etc. from all unpaved areas on the [Property]." It further required Anderson "to maintain all unpaved areas of the Property in a condition that is clear of all items of any kind including but not limited to: trailers, vehicles, scrap metal, building material, etc., at all times henceforward." The judgment did not provide for an award of damages.

On January 22, 2013, Klinkert filed on Anderson's behalf a motion to set aside the default and judgment. In addition to relying on sections 473, subdivision (b), and 473.5, Anderson argued that the judgment was void because Brown never served a statement of damages pursuant to sections 425.11 and 425.115. In support of his motion, Anderson submitted a declaration stating: "Even though I have been generally available at the address of the subject property during this past year, I was never served with any summons and complaint, statement of damages or any other papers in connection with this matter. Likewise, I was not aware of any service by publication until after I received the Request for Entry of Default." Klinkert submitted his own declaration stating that the "delay in bringing this motion is my fault . . . ." However, he did not indicate that the

5

entry of default or the default judgment was due to his mistake, inadvertence, surprise, or neglect.

Three days after the set-aside motion was filed, Wong filed a declaration in support of an amended judgment. According to Wong, "additional relief was needed in the judgment in order to ensure that the items creating the violation of the City of Upland's Municipal Code were removed from the unpaved areas of the [Property]." Rather than seeking a contempt order against Anderson for failure to remove the items, Wong believed "it would be best to provide for notice and a specific time for Mr. Anderson to remove the items, the expiration of which would create a right in [Brown] to have the items removed . . . ." Wong submitted a proposed amended judgment adding a provision that would permit Brown to "use any means necessary to remove and dispose of all items from the unpaved areas of the Property" if Anderson is served with the amended judgment and fails to remove "all of his items from all unpaved areas of the Property within ninety (90) days . . . ." The court signed and entered the amended judgment as proposed on January 28, 2013.

Anderson's motion to set aside the default and judgment was heard on March 6, 2013. At the hearing, the court stated that Anderson's statement of general availability did "not seem . . . to comport" with the numerous attempts to serve Anderson at the Property.[2] The court also observed that Anderson's declaration was silent as to where

[2] The court stated that the process server went out to the Property to serve Anderson on 20 different occasions. Although the process server's declaration includes 20 events, three of them refer to a single, three-hour stakeout and two refer to a different,

*[footnote continued on next page]*

6

Anderson might have been on the dates the process server appeared at the Property to serve him.  Anderson, in short, failed to satisfy his burden under sections 473, subdivision (b), and 473.5 of demonstrating that his lack of actual notice was a result of mistake, inadvertence, surprise, or excusable neglect.

The court also rejected Anderson's argument, under section 473, subdivision (d), that the judgment was void for failure to serve a statement of damages, stating:  "This is not a matter in which damages were sought either in reviewing the initial complaint or the matter in which ultimately damages were awarded."

At the hearing, Klinkert raised another "problem with the judgment."  He asserted that the language added in the amended judgment suggested that Brown could unlawfully engage in self-help by removing items from the Property herself.  The court declined to address the argument because it had not been raised in Anderson's moving papers.[3]

The record is silent as to whether Brown has begun enforcement of the judgment.

---

*[footnote continued from previous page]*
two-hour stakeout.  The declaration actually refers to 17 different occasions when the process server went to the Property.

[3] At the time Anderson filed his motion, the amended judgment with the offensive self-help provision had not yet been proposed or filed.  Anderson could not, therefore, have raised the argument at that time.  After the amended judgment was filed, Anderson did not file a new or supplemental motion alleging self-help as a ground for relief.

### III.  DISCUSSION

A.  *Anderson's Motion to Set Aside the Default Judgment Was Properly Denied Under Sections 473, Subdivision (b) and 473.5*

Anderson contends the court erred in denying his motion to set aside the judgment under sections 473, subdivision (b) and 473.5.  Because the trial court's ruling was not an abuse of discretion, we reject his arguments.

Section 473, subdivision (b) provides, in pertinent part:  "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."  "'The only occasion for the application of section 473 is where a party is unexpectedly placed in a situation to his injury *without fault* or negligence of his own and against which ordinary prudence could not have guarded.'  [Citation.]"  (*Hearn v. Howard, supra,* 177 Cal.App.4th at p. 1206, italics added.)  Under section 473.5, a default judgment may be set aside when the service of the summons did not result in actual notice to a party (§ 473.5, subd. (a)); the party seeking relief must "provide an affidavit showing under oath that his or her lack of actual notice in time to defend was not caused by inexcusable neglect or avoidance of service."  (*Anastos v. Lee, supra,* 118 Cal.App.4th at p. 1319.)

While the requirements to set aside a default judgment under section 473, subdivision (b) vary somewhat from that required under section 473.5, we address them

together because the basic showing by Anderson under both statutes is one of "excusable neglect."

"'[B]ecause the law strongly favors trial and disposition on the merits, any doubts . . . must be resolved in favor of the party seeking relief from default [citations].' [Citations.] For that reason, 'a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits.' [Citation]." (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1419-1420.) Both statutes are to be liberally applied to carry out the policy of permitting trial on the merits. (8 Witkin, Cal. Procedure (5th ed. 2008) Attack on Judgment in Trial Court, § 144, pp. 735-737; *Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1444.)

The party seeking relief bears the burden of proof in establishing a right to relief. (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1205; see *Ramos v. Homeward Residential, Inc., supra,* 223 Cal.App.4th at p. 1444 [noting that when a party in default moves promptly to seek relief under § 473.5, very slight evidence is required to justify a trial court's order setting aside a default].) Under section 473, subdivision (b), the moving party ""'must show a satisfactory excuse for his default . . . .'"" (*Huh v. Wang*, *supra,* 158 Cal.App.4th at p. 1420.) Under section 473.5, the moving party must show "that his or her lack of actual notice in time to defend was not caused by inexcusable neglect or avoidance of service." (*Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1319.)

Whether the moving party has successfully carried his burden under the two statutes is a question entrusted in the first instance to the discretion of the trial court; its

9

ruling will not be disturbed in the absence of a demonstrated abuse of that discretion. (*Rodriguez v. Henard* (2009) 174 Cal.App.4th 529, 534-535; *Shapiro v. Clark* (2008) 164 Cal.App.4th 1128, 1139-1140.) "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478-479.)

Clearly, one who avoids service cannot claim excusable neglect. In *Khourie, Crew & Jaeger v. Sabek, Inc.* (1990) 220 Cal.App.3d 1009, the court affirmed the trial court's denial of relief under section 473 for a party that avoided service by refusing to allow the process server through a locked door. The court stated: "It is established that a defendant will not be permitted to defeat service by rendering physical service impossible." (*Id.* at p. 1013.)

Here, the trial court did not abuse its discretion in determining that Anderson failed to demonstrate excusable neglect or that his lack of actual knowledge of the pending litigation was not the result of his avoiding service of process. The service by publication was supported by 17 specific instances of attempted personal service on Anderson at the Property, including two instances of multiple hour stakeouts. These attempts occurred over a 10-week time span. As the trial court indicated, the evidence demonstrated a pattern of not responding to or answering the process server. As the trial court also stated, Anderson failed to specifically address why he was unavailable on the

occasions when the process server attempted service despite being "generally available at the address" during that period of time. Based on the evidence of the process server's numerous attempts and Anderson's failure to explain his unavailability during that time span, the court could reasonably conclude that Anderson failed to meet his burden to obtain relief under sections 473, subdivision (b), and 473.5. The court did not, therefore, abuse its discretion in denying Anderson's motion.

B. *Anderson's Motion to Set Aside the Default Judgment Under Section 473, Subdivision (d) Was Properly Denied*

Anderson contends that both the judgment and amended default judgment are void because he was not notified prior to the entry of default of the amount of damages being sought by Brown. We reject the argument.

"The court may, upon motion of the injured party, or its own motion, . . . set aside any void judgment or order." (§ 473, subd. (d).) "[A] default judgment greater than the amount specifically demanded is void as beyond the [trial] court's jurisdiction." (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 826.) Not only is a default judgment for an amount greater than that specifically demanded void, but when a statement of damages is required but not served, the underlying entry of default is invalid and subject to being set aside. (See *Schwab v. Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 434.)

Generally, the amount of damages must be stated in a complaint. (Code Civ. Proc., § 425.10, subd. (a).) However, in a complaint for personal injury or wrongful death, the amount of actual or punitive damages must *not* be stated. (Code Civ. Proc.,

11

§ 425.10, subd. (b); Civ. Code, § 3295, subd. (e); *Van Sickle v. Gilbert* (2011) 196 Cal.App.4th 1495, 1521.)  In that case, the plaintiff must provide a statement of damages upon the defendant's request or by serving the statement before the defendant's default is taken.  (Code Civ. Proc., § 425.11, subd. (c).)  The plaintiff's right to punitive damages can be preserved by serving a statement of such right prior to taking the defendant's default.  (Code Civ. Proc., § 425.115, subds. (b), (f).)

If a defendant fails to answer the complaint, "[t]he relief granted to the plaintiff . . . cannot exceed that demanded in the complaint, in the statement required by [Code of Civil Procedure] Section 425.11, or in the statement provided for by [Code of Civil Procedure] Section 425.115 . . . ."  (Code Civ. Proc., § 580, subd. (a); *Van Sickle v. Gilbert, supra,* 196 Cal.App.4th at p. 1521.)

As Anderson points out, the complaint was titled "Damages Preliminary and Permanent Injunction (Nuisance)" and contained a prayer for general and punitive damages.  However, no damages were awarded by the trial court or reflected in the default judgment.  In rejecting Anderson's argument, the trial court stated:  "This is not a matter in which damages were sought either in reviewing the initial complaint or the matter in which ultimately damages were awarded.  What was granted by the court after default prove-up hearing was injunctive relie[f].  What was awarded to Plaintiff was nothing more than Plaintiff's costs.  No sort of compensatory or general damages or special damages in any fashion.  So, to the extent that is being used as a basis sought to have the court vacate to set aside the default and the default judgment, I don't think that

12

argument has any merit." Because the issue is a matter of applying law to undisputed facts, we review the trial court's ruling de novo. (See *Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191.)

The trial court was correct. Section 580, subdivision (a) provides that "[t]he relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint, in the statement required by Section 425.11, or in the statement provided for by Section 425.115 . . . ." First, the present matter does not involve personal injuries or wrongful death. As such, section 425.11 is inapplicable. (*Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1176-1177.) Second, section 580 addresses the "relief granted." Here, the relief granted by the trial court did not include any award of damages. Thus, the fact that damages were sought in the prayer is of no moment; the *relief granted* did not include money damages. Therefore, the judgment is not void.[4]

C. *Self-help, Illegality, and Vagueness*

Anderson contends the language of the amended judgment authorizing Brown to "use any means necessary to remove and dispose of all items from the unpaved areas of the Property" improperly authorizes self-help and grants Brown authority to act outside

---

[4] Although the complaint includes a prayer for punitive damages, there is no requirement that all of the relief prayed for in the complaint be sought in the motion for default judgment or in the judgment. (See § 585, subd. (c).) Here, neither the original judgment nor the amended judgment includes any award of punitive damages. Presumably, no such damages were sought at the time of Brown's default prove-up hearing. Therefore, Brown was not required to serve the section 425.115 statement.

13

the law in enforcing the judgment. Anderson further contends the amended default judgment is fatally vague. We reject these arguments.

    1. <u>Anderson's Contention That the Amended Default Judgment Is Improper Because It Authorizes Self-help Is Waived for Lack of Legal Argument or Citation to Authority</u>

When a brief on appeal fails to contain legal argument with citation of authorities on points made, the court may treat any claimed error in the decision of the court as waived or abandoned. (*Ellenberger v. Espinosa* (1994) 30 Cal.App.4th 943, 948 [Fourth Dist., Div. Two].)

Here, Anderson fails to make a legal argument regarding his self-help contention. Instead, he makes only a conclusory assertion that the amended default judgment "improperly authorizes Brown to take matters into her own hands as far as enforcement of the Amended Default Judgment goes." Anderson refers to the Enforcement of Judgments Law at section 680.010 et seq., but fails to cite a specific section that prohibits self-help. Furthermore, Anderson fails to explain how the Enforcement of Judgments Law is relevant to his argument. Therefore, in the absence of legal argument and citation of authorities on point, Anderson's self-help contention is deemed waived or abandoned.

Furthermore, the amended judgment does not authorize self-help. Statutes prohibiting self-help "reflect a policy, with deep roots in English law, barring the use of forceful self-help to enforce a right to possession of real property and requiring instead the use of judicial process to gain possession." (*Glass v. Najafi* (2000) 78 Cal.App.4th

14

45, 48-49.) Here, Brown has used the judicial process to obtain the judgment. Her lawful efforts to enforce the judgment cannot constitute self-help because the judgment was obtained pursuant to the use of judicial process, not in lieu of it.

2. Anderson's Contention That the Amended Default Judgment Grants Brown Authority to Exceed the Bounds of the Law Is Not Ripe for Review

Anderson contends the amended default judgment is invalid because it allows Brown to use "any means necessary" to remove Anderson's property. He appears to suggest that Brown may rely on this language to engage in *unlawful* means of removing his property. He does not assert that Brown has begun enforcing the judgment.

A "'controversy is "ripe" when it has reached . . . the point that the facts have sufficiently congealed to permit an intelligent and useful decision to be made.'" (*Vandermost v. Bowen* (2012) 53 Cal.4th 421, 452.) Here, our record does not indicate whether Brown has undertaken enforcement of the amended default judgment by any means, lawful or otherwise. This court need not entertain a hypothetical possibility of a party's future unlawful conduct. If Brown acts unlawfully in enforcing the amended default judgment, Anderson may seek a remedy at that time. Because the issue is not ripe, we will not address it.

3. The Amended Default Judgment Is Not Void for Vagueness

Anderson contends the amended default judgment is fatally vague. He relies on a concurrence in *Shriver v. Superior Court* (1920) 48 Cal.App. 576, 585, and the opinion in *Johnson v. Farmer* (1940) 41 Cal.App.2d 874, 882, for the proposition that a judgment

15

must be sufficiently certain to permit enforcement, and serious uncertainty may be reversible error. *Shriver* involved a money judgment that failed to indicate from whom or to whom the judgment was to be paid. (*Shriver v. Superior Court, supra,* at p. 584.) *Johnson* involved a judgment that required a party to follow the Unfair Practices Act (Bus. & Prof. Code, § 17000 et seq.) generally and limited the price at which sales of photographic engravings could be made based upon an indeterminate scale (*Johnson v. Farmer, supra,* at pp. 881-882).

Here, the amended default judgment requires Anderson to "remove all items of any kind . . . from all unpaved areas on the [identified] real property" and "maintain all unpaved areas of the Property in a condition that is clear of all items of any kind . . . ." Unlike *Shriver*, the judgment is certain as to whom it applies, identifying Anderson by name under each order. The instant case is also distinguishable from *Johnson* because the judgment is certain as to what conduct is required. Anderson need not ascertain what items to remove or from where the items are to be removed because he is required to remove *all* items from *all unpaved areas* on the Property.

Anderson's contentions regarding uncertainty as to what Brown is required to do in the event Anderson fails to remove his property from the unpaved areas need not be addressed for the same reason listed above in part III.C.2. This court need not entertain a hypothetical possibility of a party's future unlawful conduct until such conduct has occurred. If Anderson fails to comply with the amended default judgment by removing items from the unpaved areas within 90 days of being served with the judgment, Brown

16

may remove Anderson's property.  If Brown then engages in unlawful conduct to remove Anderson's property, Anderson may then seek a remedy at that time.

## IV.  DISPOSITION

The order denying Anderson's motion to set aside default and default judgment is affirmed.  Respondent shall recover her costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

KING

J.

We concur:

RAMIREZ

P. J.

RICHLI

J.

17